246 So.2d 454

**STATE of Alabama**

v.

**EMPIRE BUILDING COMPANY, Inc.**

**6 Div. 76.**

Court of Civil Appeals of Alabama.

March 31, 1971.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen. and Counsel, Dept. of Revenue, B. Frank Loeb, Asst. Atty. Gen. and Asst. Counsel, Dept. of Revenue, for appellant.

W. W. Conwell, Birmingham, for appellee.

WRIGHT, Judge.

Appeal and trial de novo in the circuit court of Jefferson County, Alabama, in equity, followed from a final use tax assessment against Empire Building Company, Inc., by the Alabama Department of Revenue.

Motion to dismiss the appeal by the State was denied and judgment on the merits was rendered in favor of the taxpayer. This appeal by the State is from the final judgment and the order overruling the motion to dismiss.

Appellant expressly waives assignments of error as to the final judgment and confines its argument to those assignments directed to the order denying the motion to dismiss the appeal.

The motion to dismiss the appeal was grounded upon the failure of the taxpayer to file notice of appeal with the secretary of the Department of Revenue within thirty days from the date of final assessment as provided by Title 51, Section 140, Code of Alabama 1940. Title 51, Section 140, in pertinent part reads as follows:

"* * * If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue, is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment to the circuit court of Montgomery County sitting in equity, or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides if the taxpayer has within the state a permanent residence, at the option of the

taxpayer, by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court of the county to which the appeal shall be taken within thirty days from the date of said final assessment made and entered on the minutes of the department as required by law, and in addition thereto by giving bond conditioned to pay all costs to be filed with and approved by the register of the court to which the appeal shall be taken. * * * "

Final assessment against appellee was entered July 9, 1969. On August 8, 1969, appellee filed with the register of the Circuit Court of Jefferson County, a notice of appeal, cost and superscdeas bonds as required by Section 140. On the same date, a notice of appeal was sent by registered mail to the secretary of the department of revenue. It is undisputed that the secretary received such motion on August 11, 1969, more than thirty days after date of final assessment.

It is the contention of appellant that the required filing of notice with the secretary of the department of revenue within thirty days is a jurisdictional requirement for perfection of an appeal under the statute.

Appellee contends that the filing of notice with the secretary of the department is completed when such notice is mailed within thirty days from final assessment in accordance with the provisions of Title 7, Section 349(1–5), Code of Alabama Recompiled 1958, as amended.

The trial court in its order overruling the motion to dismiss based its order upon three propositions and listed them. It stated first that the notice of appeal required by Title 51, Section 140 is completed when mailed as required by Title 7, Section 349(1–5) within thirty days from final assessment. The second basis of denying the motion was that the State had actual notice of the appeal. The court's third proposition is essentially the same as the first. It states that since the State seeks to invoke a statute which provides for penalty or forfeiture, and since placing the notice in the mail had the effect of removing the notice from the control of appellee, and since mailing is the normal, reasonable and sensible method of serving such notice, the time of mailing is to be construed as the time of service.

Concisely stated, as we see it, the trial court determined that Title 7, Section 349 (1–5) prescribes the method by which the filing required by Title 51, Section 140 may be accomplished if that method is followed within thirty days. In any event, since the State had actual notice that appellee intended to appeal the assessment, filing of notice was not necessary.

We must disagree with the respected trial judge on each of the bases of his order.

■ We do not think that Title 7, Section 349(1–5) has any application to the requirements of Title 51, Section 140. Title 7, Section 349(1–5) was enacted in 1965 for the purpose of allowing service by mail, upon parties to a suit already begun, of pleadings and papers filed in the court. The purpose of the statute was to insure notice and remove necessity of personal service by an officer of the court. It provided a substitute method of accomplishing personal service of all pleadings except those seeking new or additional relief and the original complaint by which the jurisdiction of the court was invoked. It further relaxes previous requirements by allowing service upon attorneys of record.

The jurisdiction of a court must be invoked in the manner and within the time required by statute. Title 7, Section 349 (1–5) in no way pertains to means of invoking original jurisdiction.

The right of appeal from a final assessment of the revenue department of the state is purely statutory and must be exercised in the manner and within the time prescribed therein. Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669; State v. Golden, 283 Ala. 706, 220 So.2d 893.

Under the provisions of Title 51, Section 140 there is required performance of three conditions precedent to perfection of an appeal by the taxpayer. "If any taxpayer * * * is dissatisfied with the final assessment as fixed * * * he may appeal * * *, by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court * * * within thirty days from the date of said final assessment * * * and in addition thereto by giving bond * * * to be filed with and approved by the register of the court * * *."

Without timely compliance with *each* of the conditions precedent no appeal is perfected. The jurisdiction of the court is not invoked. Dowda v. State, 274 Ala. 124, 145 So.2d 830.

One could no more *file* within thirty days with the secretary of the department of revenue by mailing a notice on the 30th day, but not received until the 33rd day, than one could *file* with the register within thirty days by mailing a notice received on the 33rd day.

There are various statutory provisions for perfecting service. There is provided personal service, constructive service, substituted service and perhaps others, but we know of only one meaning of the term file or filing. That is to deposit with, or receive into custody by the proper person. The term denotes both delivery and receipt. 16A Words and Phrases, "Filing." We know of no statutory authority providing for variation from such definition.

■ It was held in the case of Hilker & Bletsch Co. v. United States, 7 Cir., 210 F.2d 847, that a claim was not filed at the time of deposit in the mail but only when received by the proper officer. We hold that depositing of the notice of appeal in the mail addressed to the secretary of the department on the 30th day, but not delivered until the 33rd day was not filing within thirty days from the date of final assessment as required by Title 51, Section 140. As a result of the failure of appellee to properly perfect an appeal, the court below was without jurisdiction. The motion of the appellant for dismissal was due to be granted.

Although not necessary to this opinion, we comment upon the proposition of the trial court that the department of revenue had actual notice of the appeal and thus filing of such notice became unnecessary.

We do not determine whether actual notice would preclude necessity of filing such notice as required by the statute, but merely observe that our review of the evidence on this point does not indicate actual notice of appeal after final assessment as stated by the trial court.

Reversed and remanded.