This is a tax case.
The State of Alabama made a final assessment for motor vehicle license taxes against the taxpayer. The taxpayer sought relief from the assessment in the Circuit Court of Elmore County. The State of Alabama filed a motion to dismiss taxpayer's action. The circuit court granted the state's motion as to certain named individuals. The taxpayer appeals to this court and we affirm.
We do not deem it necessary or prudent to set out in detail the facts and circumstances of this appeal. The following is sufficient.
After the final tax assessment the taxpayer filed, apparently pro se or through her mother, in the circuit court what is styled a "Bill of Complaint." The "Bill of Complaint" named as parties the Probate Judge of Elmore County and various State of Alabama Revenue Department employees.
The state in response filed a motion to dismiss taxpayer's action. The state's motion is to the effect that the taxpayer's action is an attempt to appeal from a final *Page 859 
assessment and that as such Ala. Code § 40-2-22 (1975) must be followed; that § 40-2-22 was not complied with, in part because the State of Alabama is a proper party to such proceeding and the State of Alabama is not named; furthermore, the parties named are not proper parties.
The taxpayer thereafter apparently in some manner attempted to amend her complaint to add the State of Alabama as a party. The record before this court is not clear as to precisely what occurred as to the attempted amendment.
In any event, after allowing all parties to be properly heard, the trial court granted the state's motion to dismiss the probate judge and the revenue department employees. Specifically, the trial judge stated "that the said motion to dismiss is well taken as to the defendants, Enslen [Probate Judge], Bryan, McCain and Evans [Revenue Department employees]."
While the taxpayer, as we understand her contention, urges in effect that her court action is not an appeal pursuant to §40-2-22 (appeal from final assessment), this court finds that her action is precisely such an appeal.
After a careful perusal of her bill of complaint, this court is convinced that of necessity her complaint is an attempt to "appeal from a final assessment" pursuant to § 40-2-22. As such, the procedure outlined in § 40-2-22 must be followed.Radue v. Bradshaw, 289 Ala. 481, 268 So.2d 760 (1972).
The proper parties to an appeal under § 40-2-22 are the State of Alabama and the taxpayer. State v. Aluminum Ore Co.,263 Ala. 422, 82 So.2d 800 (1955); Birmingham Vending Co. v. State,251 Ala. 584, 38 So.2d 876 (1949).
An appeal not taken in accordance with the terms and provisions of § 40-2-22 is to be properly dismissed. Dowda v.State, 274 Ala. 124, 145 So.2d 830 (1962).
In view of the above, the learned trial judge was eminently correct in dismissing the aforesaid named individuals and his actions in so doing are due to be affirmed.
This court would, however, be remiss in not further commenting. As indicated above, it is not clear to this court whether the taxpayer added the State of Alabama. We make no determination regarding this aspect as that issue is not before this court. However, as indicated, it is clear that the named individuals were the parties who were in fact dismissed.
Additionally, we note that if in fact the State of Alabama was properly added as a party, then in that event, the taxpayer's appeal would of necessity appear to be required to be dismissed. An order entered in a multiple party action involving multiple claims for relief which adjudicates fewer than all the claims or liabilities of fewer than all the parties is not a final order which will support an appeal.Tubbs v. Brandon, 366 So.2d 1119 (Ala. 1979).
The trial court's action dismissing the named individuals is due to be affirmed.
AFFIRMED.
All the Judges concur.