This is a sales tax case.
Tuscaloosa Vending Company, Inc. (vendor) is in the business of selling food products through coin-operated dispensing machines. From April 1, 1981, to March 31, 1984, the vendor paid $34,736.10 in sales taxes assessed for that period. This amount represented two percent (2%) of the gross receipts from sales through the vendor's machines. On April 30, 1984, the vendor petitioned the Tuscaloosa County Special Tax Board (Board) for a partial refund, claiming the sales tax should have been based on the cost of their products rather than the gross proceeds of the sale. As authority, the vendor cited the Tuscaloosa County Sales and Use Tax Act, 1953 Ala. Acts 56. That act incorporates by reference all of the definitions, procedures, taxing provisions and exemptions of the State Sales and Use Tax Act (§ 40-23-2 (5), Code of Alabama 1975 (as amended)), unless otherwise specifically provided. 1953 Ala. Acts 56, § 2. The Board denied the petition for refund on August 9, 1984. The vendor appealed to the circuit court. The circuit court voided the Board's denial of the refund and ordered the Board to refund the amount requested. The Board appealed to this court.
The Board first contends the circuit court was without jurisdiction because the appeal to that court was not timely perfected according to statute. The proper procedure for such appeal is set out in § 40-2-22, Code of Alabama 1975:
 "If any taxpayer . . . is dissatisfied with the final assessment as fixed . . . he may *Page 1224 
appeal . . ., by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court . . . within thirty days from the date of said final assessment . . . and in addition thereto giving bond . . . to be filed with and approved by the register of the court . . ."
The Board denied the request for refund on August 8, and the vendor was informed of the denial August 9, 1984. The vendor filed an appeal with the circuit court within thirty days, but did not file the cost bond required by § 40-2-22 until October 10, after the disputed time for appeal had expired.
The vendor submits that the requirement of filing bond is not jurisdictional and need not be filed within thirty days of entry of judgment by the Board. The vendor points out that the comments to Rule 7, A.R.A.P., state that the time of filing a cost bond is not critical to the perfection of an appeal. However, this is not an appeal under Rule 7. It is an appeal as granted by a separate statute, i.e., Tuscaloosa County Sales and Use Tax Act, 1953 Ala. Acts 56, § 10 at 76; § 40-2-22, Code 1975.
Prior cases have held that the right to appeal from a final tax assessment is purely statutory. Ex parte State ex rel.Attorney General, 252 Ala. 149, 39 So.2d 669 (1949); State v.Empire Building Company, 46 Ala. App. 565, 246 So.2d 454 (1971). Strict compliance with the statute is jurisdictional. StateDepartment of Revenue v. Welding Engineering and SupplyCompany, Inc., 452 So.2d 1340 (Ala.Civ.App. 1984). Under the provisions of § 40-2-22, the taxpayer is required to performeach of three conditions precedent in order to perfect an appeal to the circuit court. State v. Empire Building Company,supra. To apply the Alabama Rules of Appellate Procedure would create an extension of jurisdiction contrary to legislative authority. State Department of Revenue v. Welding Engineeringand Supply Company, Inc., supra.
The vendor contends that the thirty-day limitation in §40-2-22 applies only to the notices of appeal and not to the filing of a cost bond. However, we have previously held that construing a statute so that it has a jurisdictional requirement with no time limitation is "an unnatural and illogical result." Mitchell v. State, 351 So.2d 599
(Ala.Civ.App. 1977). Therefore, we hold that the vendor's appeal was not timely perfected.
Since the jurisdiction of the circuit court was never invoked, the vendor's appeal should have been dismissed. We reverse and remand this case to the circuit court where a judgment shall be entered setting aside its final judgment of October 25, 1984, in this cause and reinstating the final tax assessment of the Tuscaloosa County Special Tax Board against the Tuscaloosa Vending Company, Inc.
With this conclusion, other issues presented in brief become moot and are not addressed.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.