This is a tax case.
Following an adverse ruling at the administrative level, the State of Alabama Department of Revenue (Department) appealed to the Montgomery County Circuit Court. The circuit court granted the taxpayer's motion to dismiss on grounds that the circuit court lacked jurisdiction because the Department's appeal was untimely.
The Department appeals. We affirm.
Ala. Code (1975), § 40-2-22, governs the appeal of a final assessment made by the Department. Section 40-2-22 is jurisdictional; a failure to comply with its requirements will prevent the circuit court from having jurisdiction to entertain the appeal. *Page 1241 Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co.,480 So.2d 1223 (Ala.Civ.App.), writ quashed, 480 So.2d 1224
(Ala. 1985); State Department of Revenue v. Welding Engineering Supply Co., 452 So.2d 1340 (Ala.Civ.App. 1984).
Section 40-2-22 requires that the Department file notice of appeal with the Montgomery County Circuit Court "within 30 days after such assessment is made final." The issue presented in this case is whether the Department failed to file its notice of appeal within the thirty-day limitation of the statute, thus preventing the circuit court from having jurisdiction of its appeal.
The record reveals that the taxpayer requested an administrative hearing to dispute the Department's initial assessment that the taxpayer owed back inheritance taxes and interest. Following the hearing an administrative law judge entered an order in the taxpayer's favor on January 9, 1986. In his order the administrative law judge directed the Department to make the preliminary assessment final in the amount of zero.
The Department filed an application for rehearing, which the administrative law judge denied by order of February 4, 1986. The Department made the final tax assessment in the amount of zero on March 25, 1986, and filed its appeal in the circuit court on April 21, 1986.
The Department contends that it filed its notice of appeal within the thirty-day requirement of § 40-2-22 because is did so within thirty days of the March 25, 1986, final tax assessment.
This contention would certainly be persuasive were it not for the Department's own regulation to the contrary. Rule 810-1-4-.12 of the Department's Administrative Code provides that "[t]he decision of the Administrative Law Judge shall be . . . the final assessment contemplated by Title 40, Code of Alabama 1975."
Thus, under Rule 810-1-4-.12 the February 4, 1986, order of the administrative law judge denying the Department's application for rehearing — not the March 25, 1986, assessment issued by the Department — served as the "final assessment" from which the Department had thirty days to file an appeal in the circuit court.
We note that the Department has not presented this court with any argument regarding the application or construction of Rule 810-1-4-.12, nor any explanation for its failure to follow the rule in this case. The rule is straightforward in its meaning and is an official rule of the Department. See Ala. Code (1975), § 41-22-4.
Under such circumstances we can only conclude that the Department was required by Rule 810-1-4-.12 to treat the administrative law judge's final order as the "final assessment" for purposes of computing the thirty-day time period in which it could appeal under Ala. Code (1975), §40-2-22. Because the Department failed to appeal within such thirty-day period, the circuit court correctly concluded that it had no jurisdiction over the appeal.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.