HOLMES, Judge.
This is a tax case.
Following an adverse ruling at the administrative level, the State of Alabama Department of Revenue (Department) appealed to the Montgomery County Circuit Court. The circuit court granted the taxpayer’s motion to dismiss on the grounds that the circuit court lacked jurisdiction because the Department’s appeal was untimely.
The Department appeals and we affirm.
The record reveals that the taxpayer requested an administrative hearing to dispute the Department’s initial assessment. Following the hearing, an administrative law judge (AU) entered an order in the taxpayer’s favor on July 22, 1987. In his order the AU directed the Department to make the preliminary assessment final in the amount of zero.
The Department made the final tax assessment in the amount of zero on September 25, 1987, and filed its appeal in the circuit court on October 23,1987. As noted above, the circuit court dismissed the appeal as untimely.
The circuit court’s order in pertinent part is as follows:
“Appeal has been taken by the State under provisions of Code of Alabama, § 40-2-22 (1975). The statute requires that appeal be taken within thirty (30) days of the ‘final assessment.’- Failure to comply with the time requirements of that section will prevent the Circuit Court from having jurisdiction. State v. Estate of Hill, 505 So.2d 1240 (Ala.Civ.App.1987); Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co., 480 So.2d 1223 (Ala.Civ.App.1985); State v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984).
“By its own rule, Rule 810-1-4-.12 of the Department of Revenue Administrative Code, the Department of Revenue has provided that the order of the Administrative Law Judge is the final assessment. Rule 810-1-4-.12 was certified as having been repealed on July 2, 1987, but, under terms of the certification and Code of Alabama, § 41-22-6 (1975), the repeal was not effective for thirty-five (35) days, or until August 6, 1987. Rule 810-1-4-.12, then, was in effect on July 22, [1987], the time of the administrative order in question, and it made the administrative order the final assessment. Since the appeal was not taken within 30 days of July 22, 1987, it is due to be dismissed. State v. Estate of Hill, 505 So.2d 1240 (Ala.Civ.App.1987); State v. Cory & Horton, Inc., [520 So.2d 530] (Ala.Civ.App.1988).”
The Department contends that the circuit court erred because it failed to recognize that the rule (810-1-4-.12) was not applicable in the present case because it had been repealed while the case was still pending before the Department. We disagree.
It is undisputed that on July 2, 1987, the legislative reference service certified the adoption of the repeal of Revenue Rule 810-1-4-.12. It is also undisputed that the AU did not issue his order until July 22, 1987. However, pursuant to the Alabama Administrative Procedure Act (AAPA), specifically, § 41-22-6(c), “Each rule hereafter adopted is effective 35 days after filing with the legislative reference service_” (Emphasis supplied.) Therefore, thirty-five *304 days from July 2, 1987, occurred after the ALJ issued his order on July 22, 1987. At that time Rev. Rule 810-1-4-.12 was still in effect. Therefore, the date of the AU’s order became the “final assessment,” and the time for filing the notice of appeal began to run. See State Department of Revenue v. Cory & Horton, Inc., 520 So.2d 530 (Ala.Civ.App.1988).
The Department’s contention that Rev. Rule 810-1-4-.12 operates as a statute of limitations and its repeal should have tolled the time for filing the appeal is without merit.
Rev. Rule 810-1-4-.12 is an administrative rule promulgated and repealed pursuant to the AAPA. As noted above, this rule was effective on the date of the AU’s order of July 22, 1987. Therefore, the Department was required to file its notice of appeal within thirty days thereafter. The Department failed to do so; therefore, the circuit court properly dismissed the appeal for lack of jurisdiction.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.