This is an Alabama income tax case.
Following an administrative hearing, the Alabama Department of Revenue issued a final assessment of $4,222.70 against appellants on August 9, 1988. The assessment document informed appellants of their right to appeal within thirty days of final assessment pursuant to § 40-2-22, Code 1975. On September 8, 1988 appellants filed their appeal, along with the docket fees, in the Circuit Court of Jefferson County and mailed the necessary copy to the secretary of the Department of Revenue. Along with their appeal, appellants also filed an affidavit showing their gross net worth to be less than $20,000, thereby seeking an exemption (under section 40-29-23(g), Code 1975) from paying the tax in full or posting a supersedeas bond (as required by section 40-2-22, Code 1975) pending appeal of the final assessment.
Not until October 18, 1988 did appellants file their surety for costs with the circuit court as generally required by section 40-2-22, Code 1975.
On December 12, 1988 the trial court granted appellee's motion to dismiss. As the basis for the order of dismissal, the trial court cited the case of Tuscaloosa County Special TaxBoard v. Tuscaloosa Vending Co., 480 So.2d 1223
(Ala.Civ.App.), writ quashed, 480 So.2d 1224 (Ala. 1985).
Appellants now contend that it was unnecessary for them to file the surety for costs within thirty days of final assessment because their filing of the affidavit under section40-29-23(g) exempted them from filing either (a) the bond "conditioned to pay all costs" or (b) the supersedeas bond "in double the amount of the taxes . . ., conditioned to pay all taxes, interest and costs due the state . . ."
The relevant portions of section 40-2-22, Code 1975, state as follows:
 "If any taxpayer against whom an assessment is made by the department of revenue . . . is dissatisfied . . ., he may appeal . . . by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment . . . and, in addition thereto, by giving bond conditioned to pay all costs to be filed with and approved by the clerk or register of the court to which the appeal shall be taken. The taxpayer shall pay the assessment so made before the same shall become delinquent; and, if such taxes are not paid before the same becomes delinquent, the court shall upon motion ex mero motu dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk or register of the court to which the appeal shall be taken in double the amount of the taxes payable to the state of Alabama, conditioned to pay all taxes, interest and costs due the state. . . ." (Emphasis added.)
Section 40-29-23(g), Code 1975, reads in its entirety:
 "Any person desiring to appeal under section 40-2-22 from any final assessment *Page 806 
made by the department of revenue may do so by following the procedures outlined therein with the following exception: If a person can show to satisfaction of the clerk of the circuit court to which the appeal is taken that he has a total gross net worth of $20,000 or less including his homestead, then said person may take such appeal without either paying the tax in full or posting a supersedeas bond in twice the amount of such final assessment." (Emphasis added.)
Appellant correctly points out that Tuscaloosa Vending,supra, did not address the effect of the exemption provision of section 40-29-23(g); and seeks to distinguish that case from ours on the basis that the taxpayer in that case was seeking a refund from the State and obviously had no reason to invoke the provisions of section 40-29-23(g). We find that factual distinction to be of little import in the context of the issues presented.
We have repeatedly held that the right of appeal from a final tax assessment is purely statutory and that strict compliance with the statute is jurisdictional. Ex parte State ex rel.Attorney General, 252 Ala. 149, 39 So.2d 669 (1949); TuscaloosaCounty Special Tax Board v. Tuscaloosa Vending Co., supra;State Department of Revenue v. Welding Engineering SupplyCo., 452 So.2d 1340 (Ala.Civ.App. 1984); State v. EmpireBuilding Co., 46 Ala. App. 565, 246 So.2d 454
(Ala.Civ.App. 1971).
Under the provisions of section 40-2-22, Code 1975, the taxpayer must comply with each condition precedent in order to perfect an appeal to the circuit court. State v. EmpireBuilding Co., supra. One of those conditions is the filing of a bond or surety for costs. A separate and distinct condition is the payment of the assessment or the filing of a supersedeas bond, unless the exemption therefor under section 40-29-23(g) is invoked.
There is nothing in the language of section 40-29-23(g) to suggest that the legislature intended for the granted exemption to apply to any condition other than that requiring the assessment to be paid or supersedeas bond to be filed.
Although appellants urge us to construe the statutes at hand in pari materia with Rule 24, Alabama Rules of Appellate Procedure, it is clear that this is an appeal granted solely by statute. To apply the Alabama Rules of Appellate Procedure would create an extension of jurisdiction contrary to legislative authority. State Department of Revenue v. WeldingEngineering Supply Co., supra.
We have read the record and the excellent briefs filed by the attorneys and, based on the foregoing, find it unnecessary to further discuss certain peripheral issues raised in the briefs.
The judgment of the trial court is due to be and is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.