ROBERTSON, Judge.
This case involves an interpretation of § 40-2-22, Ala.Code 1975, as it correlates with Act 88-785, 1988 Ala.Acts.
*1320 Michael Douglas Sumner was arrested in Montgomery County on or about December 24, 1988, for possession of 1,195 grams of cocaine. On December 28, 1988, the Department of Revenue gave notice of a jeopardy assessment to Sumner, and on that same date entered a final jeopardy assessment totalling $478,000 against him. This amount represented $239,000 total tax and $239,000 penalty. Sumner filed a notice of appeal in Montgomery Circuit Court on January 20, 1989, challenging the final assessment. Accompanying the notice of appeal, pursuant to § 40-29-23(g), Ala.Code 1975, was an affidavit seeking exemption from posting a supersedeas bond.
The Department of Revenue filed a motion to dismiss the appeal citing the failure by Sumner to comply with § 40-2-22, e.g., that he failed to give a bond conditioned to pay all costs of the appeal. The trial court held that § 40-2-22 was neither ambiguous nor confusing in its requirement for the filing of a cost bond and dismissed the appeal. Sumner now appeals to this court.
The dispositive issue is whether the trial court erred in dismissing the appeal below.
The proper procedure for such appeal is set out in § 40-2-22, Ala.Code 1975:
“If a taxpayer ... is dissatisfied with the final assessment as fixed ... he may appeal from said final assessment to the circuit court of Montgomery County ..., by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court ... within 30 days from the date of said final assessment ... and in addition thereto, by giving bond conditioned to pay all costs to be filed with and approved by the clerk of the court to which the appeal shall be taken.... ”
The right of appealing a final assessment tax proceeding is a right conferred by statute and must be exercised within the manner and time prescribed by the statute. Baird v. State Department of Revenue, 545 So.2d 804 (Ala.Civ.App.1989). Strict compliance with the statute is jurisdictional. Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co., 480 So.2d 1223 (Ala.Civ.App.1985).
Under § 40-2-22, the taxpayer must comply with each condition precedent in order to perfect an appeal to the circuit court. The filing of a bond or surety for costs is a condition precedent to perfecting an appeal. A separate condition is the payment of the assessment or the filing of a supersedeas bond, unless the taxpayer falls within the exemption under § 40-29-23(g). Baird, supra.
In reviewing the record we find that Sumner admits that he failed to file the bond conditioned to pay all costs, but argues that the statute is unclear as to whether or not the costs are covered under the supersedeas bond. The filing of the supersedeas bond is a separate and distinct matter, and the exemption from posting the supersedeas bond under § 40-29-23(g) did not relieve Sumner of the statutory requirement of posting a cost bond in order to secure the costs of the appeal.
In view of the foregoing, we find that the trial court did not err in dismissing the appeal, and this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.