This is a tax case.
The Department of Revenue (Department) entered a final jeopardy assessment of taxes and penalties due from the taxpayer in accordance with Ala. Code 1975, § 40-17A-1 et seq. on December 22, 1988. The taxpayer filed a notice of appeal to the Henry County Circuit Court pursuant to Ala. Code 1975, §40-2-22. The Department filed a motion to dismiss the appeal, alleging that the taxpayer failed to comply with the statutory requirements for the appeal in that he failed to file a cost bond. Both parties filed supporting briefs, and after hearing arguments from counsel, the trial court granted the Department's motion to dismiss due to the taxpayer's failure to give a cost bond within 30 days of the entry of the final assessment. Taxpayer's post-trial motions were denied, and he appeals.
The dispositive issue raised by the taxpayer is whether the dismissal of his appeal by the trial court is proper.
The taxpayer argues that dismissing his appeal denies him due process of law. He contends that he fully complied with the statutory requirements to perfect the appeal in that he paid the taxes and the filing fee. He also argues that he relied on a statement from an employee of the Department that he must either pay the tax or *Page 1067 
post an adequate bond to perfect his appeal.
The proper appeal procedure as set out in Ala. Code 1975, § 40-2-22, is as follows:
 "If a taxpayer . . . is dissatisfied with a final assessment as fixed . . . he may appeal from said final assessment . . . to the circuit court of the county in which the taxpayer resides . . . by filing a notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court . . . within 30 days from the date of said final assessment . . . and in addition thereto, by giving bond conditioned to pay all costs to be filed with and approved by the clerk or register of the court to which the appeal shall be taken."
This court has previously reviewed the statutory requirements of § 40-2-22, and held that such requirements are unambiguous and require strict compliance. The taxpayer must comply with each condition precedent contained within the provisions of §40-2-22, in order to perfect an appeal. Sumner v. State Dept.of Revenue, [Ms. Civ. 7011, Sept. 13, 1989] (Ala.Civ.App. 1989); Baird v. State Dept. of Revenue, 545 So.2d 804
(Ala.Civ.App. 1989); and Tuscaloosa County Special Tax Board v.Tuscaloosa Vending Co., 480 So.2d 1223 (Ala.Civ.App.), writ quashed, 480 So.2d 1224 (Ala. 1985).
Clearly, the filing of a cost bond is a condition precedent to perfecting an appeal under § 40-2-22, Sumner, supra. Our review of the record reveals that the taxpayer was not denied any due process in that a specific statutory provision afforded him an opportunity for a hearing, and he failed to comply with the mandates of that statute.
Further, taxpayer's claim that he relied on information provided him by a Department employee is without merit. The letter to which he refers, a copy of which is provided in his brief, clearly cautioned him to "carefully comply with the provisions of § 40-2-22." Additionally, that portion which he claims to advise him to pay the tax or post a bond deals with staying a writ of garnishment, which is not at issue in this matter.
In view of the foregoing, we find that the trial court did not err in dismissing the appeal, and this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.