RUSSELL, Judge.
This is an appeal from a dismissal of an appeal to circuit court in a marijuana and controlled substances tax case.
The State of Alabama Department of Revenue (Department) issued a final jeopardy assessment against Benny Eugene Whaley (taxpayer). The taxpayer appealed to the Circuit Court of Calhoun County, and the appeal was subsequently dismissed. The taxpayer appeals. We affirm.
The dispositive issue is whether the circuit court erred in dismissing the appeal.
Initially, we note the following:
“Ala.Code (1975), § 40-2-22, governs the appeal of a final assessment made by the Department. Section 40-2-22 is jurisdictional; a failure to comply with its requirements will prevent the circuit court from having jurisdiction to entertain the appeal. Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co., 480 So.2d 1228 (Ala.Civ.App.), writ quashed, 480 So.2d 1224 (Ala.1985); State Department of Revenue v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984).”
State Department of Revenue v. Estate of Hill, 505 So.2d 1240, 1240-41 (Ala.Civ.App.1987).
The pertinent sections of § 40-2-22, Ala. Code 1975 (1985 Repl.Yol.) (emphasis supplied), state as follows:
“If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment ... by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment ... and, in addition thereto, by giving bond conditioned to pay all costs to be filed with and approved by the clerk or register of the court to which the appeal shall be taken. The taxpayer shall pay the assessment so made before the same shall become delinquent; and, if such taxes are not paid before the same becomes delinquent, the court shall upon motion ex mero motu dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a su-persedeas bond....”
However, Ala.Code 1975, § 40-29-23(g) (1985 RepI.VoL), states:
“Any person desiring to appeal under section 40-2-22 from any final assessment made by the department of revenue may do so by following the procedures outlined therein with the following exception: If a person can show to satisfaction of the clerk of the circuit court to which the appeal is taken that he has a total gross net worth of $20,000 or less including his homestead, then said person may take such appeal without either paying the tax in full or posting a supersedeas bond in twice the amount of such final assessment.”
Notice of the appeal was timely filed by the taxpayer, and an affidavit was attached, alleging total gross net worth of less than $20,000, in accordance with Ala. Code 1975, § 40-29-23(g). It is undisputed that the taxpayer did not meet the third requirement of § 40-2-22, the filing of a “bond conditioned to pay all costs” with the clerk or register of the circuit court. The taxpayer contends that the legislature did not intend to require the posting of a bond for payment of costs when the payment of *765 the assessment or execution of a superse-deas bond has been waived.
This question was addressed in Baird v. State Department of Revenue, 545 So.2d 804, 806 (Ala.Civ.App.1989), wherein this court stated:
“We have repeatedly held that the right of appeal from a final tax assessment is purely statutory and that strict compliance with the statute is jurisdictional. Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669 (1949); Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co., [480 So.2d 1223 (Ala.Civ.App.), writ quashed, 480 So.2d 1224 (Ala.1985)]; State Department of Revenue v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984); State v. Empire Building Co., 46 Ala.App. 565, 246 So.2d 454 (Ala.Civ.App.1971).
“Under the provisions of section 40-2-22, Code 1975, the taxpayer must comply with each condition precedent in order to perfect an appeal to the circuit court. State v. Empire Building Co., supra. One of those conditions is the filing of a bond or surety for costs. A separate and distinct condition is the payment of the assessment or the filing of a supersedeas bond, unless the exemption therefor under section 40-29-23(g) is invoked.
“There is nothing in the language of section 40-29-23(g) to suggest that the legislature intended for the granted exemption to apply to any condition other than that requiring the assessment to be paid or supersedeas bond to be filed.”
In view of the above, we find that the taxpayer failed to comply with the requirements of § 40-2-22, leaving the trial court without jurisdiction.
The taxpayer also contends that “the proceedings herein are quasi criminal” and that, therefore, he “should not be required ... to bear the costs of his constitutional right to an appeal of an administrative assessment by the arm of the State.” However, he fails to cite authority to support his contention.
We point out that Rule 28, Alabama Rules of Appellate Procedure, provides in pertinent part:
“(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
[[Image here]]
“(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on).” (Emphasis supplied.)
By failing to properly cite any authority to support his contention, the taxpayer has failed to substantially comply with this portion of Rule 28, A.R.A.P. Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App.1987). Therefore, we pretermit a discussion of this contention.
Based on the above, we find that the trial court lacked jurisdiction to proceed, and its order is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.