This is a sales tax case.
Frozen Yogurt Shop, Inc. (Yogurt), taxpayer, seeks to reverse a holding of the Circuit Court of Montgomery County dismissing its appeal of an administrative decision of the Alabama Department of Revenue (Revenue), approving the issuance of a final assessment of sales taxes against Yogurt.
Yogurt timely filed a notice of appeal pursuant to Ala. Code 1975, § 40-2-22; however, Yogurt admittedly failed to timely file the security-for-costs bond as required by the statute. Revenue filed a motion to dismiss, asserting that the taxpayer had failed to perfect the appeal. After hearing arguments of counsel and reviewing briefs, the trial court entered its order finding that Yogurt had timely filed its notice of appeal, but had failed to timely file the cost bond required by the statute. The trial court dismissed Yogurt's appeal for failure to properly satisfy the jurisdictional requirements. Hence, this appeal.
The dispositive issue here is whether the late filing of the cost bond in an appeal from a final sales tax assessment is fatal to the appeal.
Yogurt urges liberal interpretation of the statute in favor of Yogurt. Yogurt asks this court to find that the late filing of the cost bond relates back to the filing of the appeal since the bond was filed prior to Revenue's motion to dismiss. Yogurt also argues that the trial court should begin with a presumption that the case should be decided on its merits whenever practical.
Yogurt further urges us to construe the cost bond requirement in accordance with the Alabama Rules of Appellate Procedure and the Alabama Rules of Civil Procedure, under either of which the failure to file a cost bond is not jurisdictional, or, upon filing, relates back to the notice of appeal.
We have consistently failed to be persuaded by other appellants when confronted with this identical question. Ala. Code 1975, § 40-2-22, provides: "If any taxpayer . . . is dissatisfied with the final assessment as fixed . . . he may appeal . . . by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court . . . within 30 days from the date of said final assessment . . . and, in addition thereto, by giving bond. . . to be filed with and approved by the clerk or register of the court. . . ." (Emphasis added.)
The right of appeal from a final assessment is purely statutory. Baird v. State Department of Revenue, 545 So.2d 804
(Ala.Civ.App. 1989); Tuscaloosa County Special Tax Board v.Tuscaloosa Vending Co., 480 So.2d 1223 (Ala.Civ.App.), writquashed, 480 So.2d 1223 (Ala. 1985). Strict compliance with the statute is jurisdictional. State Department of Revenue v.Welding Engineering Supply Co., 452 So.2d 1340
(Ala.Civ.App. 1984); State v. Empire Building Co., 46 Ala. App. 565, 246 So.2d 454 (Ala.Civ.App. 1971).
The law is clear that a taxpayer must comply with each of the three conditions precedent to perfect an appeal from a final assessment. Ala. Code 1975, § 40-2-22. One jurisdictional condition is the filing of the bond. Baird, supra. We again decline to extend jurisdiction in such cases by applying the Alabama Rules of Appellate Procedure. To do otherwise is contrary to legislative authority. State Department of Revenuev. Welding, supra. Yogurt failed to invoke the jurisdiction of the trial court, and Yogurt's appeal was properly dismissed. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 895