On May 13, 1989, Curtis Lee Drayton was arrested for possession of approximately 53.7 grams of cocaine. When Drayton was arrested, certain items of jewelry were seized from his person as drug proceeds. On August 8, 1989, the Alabama Department of Revenue entered a final jeopardy assessment of marihuana and controlled substances tax against Drayton in the amount of $21,600.
The tax assessment was made pursuant to the "Drugs and Controlled Substances Excise Tax Act," §§ 40-17A-1 through -16, Ala. Code 1975. The Act provides that no drug dealer may possess, distribute, sell, transport, import, transfer, or otherwise use a controlled substance unless a tax has been imposed on the substance, to be evidenced by a stamp or other official indicium. § 40-17A-4, Ala. Code 1975. The tax may be imposed when the commissioner of revenue has information or knowledge of the dealer's possession of drugs, regardless *Page 676 
of whether the dealer has been convicted in a criminal proceeding for possession of a controlled substance. §40-17A-12(a).
Section 40-2-22 describes the procedure whereby a taxpayer may appeal the final assessment of the excise tax. Under §40-2-22, the taxpayer has 30 days to appeal from the final assessment. Drayton failed to appeal the tax assessment within 30 days.
On March 15, 1990, the Montgomery County district attorney filed a petition for condemnation of proceeds, alleging that the jewelry seized from Drayton at the time of the arrest had been derived from the "proceeds obtained directly or indirectly from a violation of Alabama law concerning controlled substances." (C.R. 1.) The petition was filed pursuant to §20-2-93, which allows the State to condemn all proceeds traceable to drug transactions. The State's petition for condemnation is in no way related to the excise tax dealt with in § 40-17A-1 et seq., and, in fact, the State's right of condemnation takes precedence over any action by the Revenue Department to collect this tax. § 40-17A-13(d).
In June 1990, Drayton's criminal trial for possession of a controlled substance was held. During the trial, it was discovered that the district attorney had withheld exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Drayton was acquitted on the basis of the fraud perpetrated on the trial court.
On October 17, 1990, the Revenue Department attached a levy against Drayton's jewelry, which had been the subject of the State's condemnation proceedings. The Revenue Department gave notice to Drayton that the jewelry would be sold on January 9, 1991. On January 8, 1991, Drayton filed a complaint for a temporary restraining order to enjoin the Revenue Department's sale of his jewelry; the trial court issued the T.R.O. Drayton also moved to add the Revenue Department as an additional plaintiff in the State's condemnation proceeding.
After a hearing on the motion to add the Revenue Department as an additional plaintiff, the court added the Revenue Department as an involuntary plaintiff in the condemnation proceeding on January 29, 1991.
On March 27, 1991, the Revenue Department filed a motion to dismiss Drayton's challenge of the final jeopardy assessment. Specifically, the Revenue Department claimed that the circuit court lacked subject matter jurisdiction over the tax assessment because Drayton had failed to appeal the assessment within the 30 days allowed by § 40-2-22. Also, the Revenue Department pointed out that the Excise Tax Act provides that "no person may bring suit to enjoin the assessment or collection of any taxes, interest, or penalties imposed by this Chapter." § 40-17A-12(b). The Revenue Department also argued that no collateral action could be brought to attack a final assessment issued by the Revenue Department as a substitute for the appeal procedure established by § 40-2-22, relying on Moorev. State Department of Revenue, 447 So.2d 744
(Ala.Civ.App. 1983), cert. denied, 447 So.2d 747 (Ala. 1984).
After a hearing on the motion to dismiss, the trial court, by implication, denied the motion and proceeded to decide the case on the merits of both the condemnation proceeding and the tax assessment. At the hearing, the trial court, ex mero motu, added the State tax commissioner, personally and in his official capacity, as a defendant in Drayton's complaint for preliminary injunctive relief.
The trial court treated Drayton's filings as a Rule 60(b), A.R.Civ.P., motion for relief, stating, "Drayton did not appeal either the notice of jeopardy, marijuana and controlled substance tax assessment and demand for immediate payment dated August 8, 1989, [or] the final jeopardy assessment, etc., of the same date, since the overwhelming evidence of guilt led his attorney and him to believe that any appeal would be frivolous." (C.R. 32.)
The trial court entered a judgment for Drayton in the condemnation proceeding. The trial court also nullified the tax assessment against Drayton. (C.R. 35-36.) *Page 677 
The Revenue Department appealed, and the Court of Civil Appeals affirmed the trial court's judgment. The Court of Civil Appeals stated that the statutory appeal process available to Drayton under § 40-2-22 was "poisoned" by the prosecutorial misconduct in the criminal case and that "the trial court properly invoked its equity jurisdiction under Rule 60(b) to set aside the tax assessment against Drayton." State Dep't ofRevenue v. Drayton, 617 So.2d 670, 674 (Ala.Civ.App. 1991).
We granted certiorari review in order to determine whether the Court of Civil Appeals erred in affirming the trial court's judgment granting Rule 60(b) relief and nullifying the final tax assessment by the Revenue Department even though Drayton had failed to comply with § 40-2-22. We note that no issues regarding the propriety of the condemnation proceedings and no issues regarding the criminal case are before this Court.
Section 40-2-22 provides that in order for a taxpayer to challenge a final assessment of tax, the taxpayer must file a notice of appeal and a bond to insure the payment of all costs of the appeal with the clerk or register of the court within 30 days of the assessment, and must either pay the assessment or execute a supersedeas bond with sufficient sureties to be approved by the clerk or register of the court.
The right of appeal from a final tax assessment is purely statutory, and strict compliance with the statute is jurisdictional. Ex parte State ex rel. Attorney General,252 Ala. 149, 39 So.2d 669 (1949); Tuscaloosa County Special TaxBoard v. Tuscaloosa Vending Co., 480 So.2d 1223
(Ala.Civ.App.), writ quashed, 480 So.2d 1224 (Ala. 1985). "Under the provisions of section 40-2-22, Code 1975, the taxpayer must comply with each condition precedent in order to perfect an appeal to the circuit court." Baird v. State Department ofRevenue, 545 So.2d 804, 806 (Ala.Civ.App. 1989), citing Statev. Empire Building Co., 46 Ala. App. 565, 246 So.2d 454 (1971).
 " 'The right of appeal, as well as the procedure used to perfect such appeal in tax proceedings, is purely statutory, a matter of legislative discretion, and involves no inherent right of the Taxpayer.' Valentine v. State, 403 So.2d 270 [at 273] (Ala.Civ.App. 1981); McLendon v. State Department of Revenue, 395 So.2d 71
(Ala.Civ.App. 1980), cert. denied, 395 So.2d 73 (Ala. 1981).' "
Moore v. State Department of Revenue, 447 So.2d 744, 746
(Ala.Civ.App. 1983).
A taxpayer who fails to appeal from a final tax assessment cannot have the assessment set aside by a Rule 60(b) motion.State v. Ladner Co., 346 So.2d 1160 (Ala.Civ.App. 1977).
It is clear that Drayton failed to follow the requirements of § 40-2-22 by not appealing within 30 days of the final tax assessment. Appeal is purely statutory and jurisdictional. The requirements of § 40-2-22 are unambiguous and require strict compliance. Dansby v. State Department of Revenue,560 So.2d 1066 (Ala.Civ.App. 1990). Therefore, we must reverse the judgment and remand this case to the Court of Civil Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.