THIGPEN, Judge.
This case involves a final assessment of taxes.
The facts are basically undisputed. Rhonda Webster Mann appealed a final tax assessment from the State of Alabama Department of Revenue (Revenue) by filing a *315 notice of appeal to the Tallapoosa County Circuit Court -within the 30-day period permitted by statute. Revenue filed a motion to dismiss Mann’s appeal for lack of subject matter jurisdiction, alleging that Mann had not complied with Ala.Code 1975, § 40-2A-7(b)(5), specifically that Revenue alleged that she had failed to properly give notice to the secretary of Revenue and therefore had failed to perfect her appeal. At the close of the hearing on Revenue’s motion, the trial court announced that the statutory requirement of “filing both with the Court and the Department is jurisdictional,” and it indicated that the appeal would be dismissed. When the trial court issued its written order, however, it denied Revenue’s motion and set the matter for a hearing on the merits. Following that hearing, the trial court ruled in favor of the taxpayer. Hence, this appeal.
Revenue first argues that the trial court erred in refusing to dismiss Mann’s appeal because, Revenue argues, she failed to comply with the requirements of Ala.Code 1975, § 40-2A-7(b)(5), to perfect her appeal. Specifically, Revenue argues that giving timely notice of appeal to the secretary of Revenue is jurisdictional, and that by failing to give that notice, the taxpayer fails to invoke the trial court’s jurisdiction; thus, Revenue argues, that failure requires dismissal. Revenue argues that because appeal is by statute, strict compliance with the statutory requirements is necessary to invoke the jurisdiction of the trial court.
The statutory procedure for appealing to the circuit court from a final assessment is, in pertinent part, as follows: “the taxpayer may appeal from any final assessment ... by filing notice of appeal within 30 days from the date of entry of the final assessment with both the secretary of the department and the clerk of the circuit court in which such appeal is filed.” Ala.Code 1975, § 40-2A-7(b)(5)b.
When this issue was presented to the trial court, Mann asserted by an affidavit that the notice of appeal was timely mailed to the secretary, although she presented no proof of timely mailing. The trial court noted in its order that “[t]he attorney for [Mann] failed to mail the notice certified mail, return receipt requested, or otherwise obtain evidence of the mailing. Now [Mann] supports by affidavit the fact of mailing.” Revenue’s assertion that its secretary never received the notice Mann claimed to have mailed was not disputed. After hearing arguments of both counsel, the trial court found, inter alia, that “adequate notice of appeal has been given under the circumstances,” and the trial court then denied Revenue’s motion to dismiss.
The law is clear that appeals in tax cases require strict compliance with the enabling statute to invoke the trial court’s jurisdiction. See, e.g., Ex parte State of Alabama Department of Revenue, 617 So.2d 675 (Ala.1992); Mount Tabor Benevolent Association, Inc. v. Sizemore, 608 So.2d 757 (Ala.Civ.App.1992); Frozen Yogurt-Shop, Inc. v. State, 595 So.2d 893 (Ala.Civ.App.1992); Williams v. State Department of Revenue, 578 So.2d 1345 (Ala.Civ.App.1991); Sumner v. State Department of Revenue, 562 So.2d 1319 (Ala.Civ.App.1989); Baird v. State Department of Revenue, 545 So.2d 804 (Ala.Civ.App.1989); State v. Petro-Lewis Corporation, 534 So.2d 302 (Ala.Civ.App.1988); Tuscaloosa County Special Tax Board v. Tuscaloosa Vending Co., 480 So.2d 1223 (Ala.Civ.App.1985), writ quashed, 480 So.2d 1224 (Ala.1985); State Department of Revenue v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984); Muncaster v. State, 426 So.2d 857 (Ala.Civ.App.1983); Lambert v. State Department of Revenue, 414 So.2d 983 (Ala.Civ.App.1982); McLendon v. State Department of Revenue, 395 So.2d 71 (Ala.Civ.App.1980), cert. denied, 395 So.2d 73 (Ala.1981); Mitchell v. State, 351 Solid 599 (Ala.Civ.App.1977). Although these cases were decided pursuant to the predecessors of Ala.Code 1975, § 40-2A-7, the language regarding the notice to the secretary of Revenue has not been altered.
The taxpayer did not properly invoke the jurisdiction of the trial court, and that court should have dismissed her appeal. Therefore, the judgment must be reversed and the ease remanded for the trial court to enter an order consistent with this opinion. Discussion of the remaining issues is pretermitted as unnecessary.
*316 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.