CRAWLEY, Judge.
Canoe Creek Corporation appeals from the circuit court’s dismissal of its appeal from an ad valorem tax assessment by the Calhoun County Board of Equalization (“the Board”).
Section 40-3-25, Ala.Code 1975, governs appeals from final decisions by county boards of equalization. That section provides, in pertinent part, the following:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter. The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with [the] clerk of the circuit court and shall file bond to be filed with and approved by the clerk of the circuit court, conditioned to pay all costs.... When an appeal is taken, the taxpayer shall pay the taxes due as fixed for assessment for the preceding tax year before the same [become] delinquent; and, upon failure to do so, the court upon motion ex mero motu [sic] must dismiss the appeal, unless at the time of taking the appeal the taxpayer has executed a super-sedeas bond with sufficient sureties to be approved by the clerk of the circuit court in double the amount of taxes, payable to the State of Alabama, conditioned to pay all taxes, interest, and costs due the state, county, or any agency or subdivision thereof.”
(Emphasis added.)
On June 17, 1994, the Board issued a final decision fixing the value of certain property owned by Canoe Creek. Within 30 days of that decision, Canoe Creek filed a notice of appeal with the secretary of the board and with the circuit clerk. However, Canoe Creek did not file a cost bond until August 29, 1994 — 73 days after the Board’s decision.
Canoe Creek argues that the cost bond required by § 40-3-25 need not be filed within the 30-day time limit for appeal because, Canoe Creek argues, it is not a jurisdictional prerequisite to appeal. Citing Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), Canoe Creek contends that the posting of security for costs need not be contemporaneous with the filing of the notice of appeal in order to give the circuit court jurisdiction over an appeal pursuant to § 40-3-25.
Luce did not involve an appeal in a tax case; it dealt with an appeal to the circuit court from a district court judgment. Although this court and the Alabama Supreme Court have held that the timely filing of a cost bond is not necessary to give the circuit court jurisdiction over appeals from certain agency decisions, see State Dep’t of Human Resources v. Funk, 651 So.2d 12 (Ala.Civ.App.1994); Mallory v. Alabama Real Estate Comm’n, 369 So.2d 23 (Ala.Civ.App.1979), and from judgments of the district court, Luce, we have never held that strict compliance with a statutory requirement of filing a cost bond in a tax case is not necessary. See, e.g., Frozen Yogurt Shop v. State, 595 So.2d 893 (Ala.Civ.App.1992); Whaley v. State Department of Revenue, 560 So.2d 763 (Ala.Civ.App.1990); Sumner v. State Department of Revenue, 562 So.2d 1319 (Ala.Civ.App.1989); Baird v. State Department of Revenue, 545 So.2d 804 (Ala.Civ.App.1989). In fact, “[w]e have consistently failed to be persuaded by other appellants when confronted with this identical question.” Frozen Yogurt Shop, 595 So.2d at 894.
Moreover, our Supreme Court has addressed the issue now before us and has held that the untimely filing of a cost bond in an appeal to circuit court from a decision by a county board of equalization is fatal to the appeal. Denson v. First Nat’l Bank, 276 Ala. 146, 159 So.2d 849 (1964) (construing title 51, § 110, Ala.Code 1940, now codified at § 40-3-25). In Denson, the court observed:
“The right of appeal in tax proceedings is a right conferred by statute and must be exercised in the mode and within the time *828 prescribed by the statute. Here, the appeal bond required by § 110 was not filed within the thirty days, so the appeal was not perfected and the bond filed on July 19 was not in time.”
Denson, 276 Ala. at 148, 159 So.2d at 850 (citations omitted).
We are bound by the decision in Denson, see Ala. Code 1975, § 12-3-16, and on that authority, we affirm the judgment of the circuit court dismissing Canoe Creek’s appeal.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.