On February 6 and March 20, 1989, Joseph John Zegarelli, Jr., was arrested for possession of marijuana. On May 17, 1989, the Alabama Department of Revenue ("the Department") entered two final jeopardy assessments of marijuana and controlled substances tax against Zegarelli pursuant to Alabama's controlled substances excise tax statutes, §§ 40-17A-1 to -16, Ala. Code 1975. On December 15, 1989, Zegarelli pleaded guilty to possession of marijuana in the first degree; the court gave him a ten-year suspended sentence and placed him on a five-year probation. On September 9, 1994, the Department issued a writ of garnishment against Zegarelli's employer in an effort to collect the final assessment taxes entered against Zegarelli in 1989. By that time, the assessments and interest thereon totalled $14,468.83.
After his employer had withheld approximately $300 from his wages, Zegarelli filed a motion to quash the writ of garnishment and a complaint attacking the amount of the final assessment and the constitutionality of Alabama's controlled substances excise tax statutes. After holding two hearings, the trial court reduced the amount of controlled substances tax owed by Zegarelli to $5,882.50 and denied all other relief sought. The Department appealed, and Zegarelli cross-appealed.
The Department argues that the trial court did not have jurisdiction over this case, and, therefore, that the court should have dismissed it. We agree. Section 40-2A-7(b)(5), Ala. Code 1975, currently outlines the procedure a taxpayer must follow in order to appeal or contest an assessment. The taxpayer must file a notice of appeal within 30 days from the entry of the final assessment and must either pay the assessment in full, file a supersedeas bond in double the amount of the assessment, or show to the circuit court clerk's satisfaction that he or she has a net worth of $20,000 or less. The statute mandates that "[i]f such prerequisites are not satisfied within the time provided for appeal, the appeal shall be dismissed for lack of jurisdiction." It is undisputed that Zegarelli did not contest the assessments within 30 days. Indeed, he did not contest them until five years later, when the Department garnished his wages in an effort to collect the taxes. It is also undisputed that Zegarelli neither paid the assessments nor filed a supersedeas bond.
At the time the assessments were entered in 1989, the appeal process was governed by § 40-2-22, Ala. Code 1975 (repealed by Ala. Acts 1992, No. 92-186, § 80). The procedure for appeal set out by that statute was substantially the same as that now outlined by § 40-2A-7, except that § 40-2-22 contained a third requirement that a bond or security for costs be filed within the 30-day appeal period. The final jeopardy assessments against Zegarelli clearly notified him that any appeal of the assessments must be filed within 30 days in accordance with §40-2-22. *Page 356 
Caselaw construing § 40-2-22 holds that the failure to comply with any of the statutory requirements for appeal prevents a circuit court from having jurisdiction to entertain an appeal from an assessment. See, e.g., Frozen Yogurt Shop, Inc. v.State, 595 So.2d 893 (Ala.Civ.App. 1992); Dansby v. StateDep't of Revenue, 560 So.2d 1066 (Ala.Civ.App. 1990);Muncaster v. State, 426 So.2d 857 (Ala.Civ.App. 1983).
Zegarelli argues in response to the Department only that no document was proved or offered into evidence regarding the assessment against him, and that no affidavit authenticates the purported assessments. That argument is clearly without merit. The Department placed the assessments into evidence as exhibits to its motion for summary judgment. Zegarelli attached copies of them to his response to the Department's motion. In his response, he did not attack the validity of the assessments, but, instead, argued that they were inequitable and unconstitutional. The assessments were clearly before the trial court.
Zegarelli argues on cross-appeal that Alabama's controlled substances excise tax statutes are unconstitutional. He contends (1) that the application of the tax violates his constitutional guarantee against double jeopardy; (2) that the tax constitutes an excessive fine; and (3) that the tax is arbitrary and irrational. This court addressed all three issues in S.H.J. v. State Dep't of Revenue, [Ms. 2940684, October 27, 1995] ___ So.2d ___ (Ala.Civ.App. 1995), wherein we determined that Alabama's controlled substances excise tax withstood those constitutional challenges.
Because Zegarelli did not properly perfect his appeal of the Department's assessments, the trial court did not have jurisdiction to enter a judgment in this case. A judgment entered by a court with no jurisdiction is a void judgment; a void judgment will not support an appeal. See, e.g., Stamps v.Jefferson County Bd. of Educ., 642 So.2d 941 (Ala. 1994). Therefore, the Departments appeal and Zegarelli's cross-appeal will be dismissed. The trial court is instructed, however, to set aside that void judgment purporting to modify the writ of garnishment, and to dismiss Zegarelli's complaint.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions, of §12-18-10(e), Ala. Code 1975.
APPEALS DISMISSED, WITH INSTRUCTIONS TO THE TRIAL COURT.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.