Medical Care Equipment, Inc. (hereinafter "MCE"), sells and leases durable medical equipment. The State Department of Revenue (hereinafter "the Department") assessed various State taxes, Talladega County taxes, and City of Sylacauga taxes against MCE for the period April 1988 through March 1991. MCE appealed that assessment to the Administrative Law Division, which conducted a hearing. On January 21, 1994, the Administrative Law Judge upheld the tax assessments and entered a judgment against MCE in favor of the Department.
MCE appealed the decision of the administrative law judge to the Talladega Circuit Court. Attached to its notice of appeal, MCE submitted a statement from the circuit clerk allowing it to waive, pursuant to § 40-2A-9(g)(1), Ala. Code 1975, the requirements for a supersedeas bond and payment of costs as a prerequisite for an appeal to the circuit court.
On September 9, 1998, the trial court entered an order upholding three of the assessments entered against MCE but reversing an assessment of taxes related to the rental of certain durable medical equipment. The Department appealed.
The Department raises a jurisdictional issue that is dispositive of this appeal. The Department argues that the trial court lacked subject-matter jurisdiction because, it argues, MCE failed to comply with the provisions of § 40-2A-9(g), Ala. Code 1975, which governs the procedure for appeals from a decision of an administrative law judge. That section provides:
"(g) Appeals to circuit court.
 "(1) . . . If the appeal to circuit court is by a taxpayer from a final order involving a final assessment, the taxpayer, at the time of filing the appeal, shall pay the amount stated in the final order of the administrative law judge, plus applicable interest, or the taxpayer may execute a supersedeas bond, which shall be executed by a surety company licensed to do business in Alabama, in double the amount stated as due in the final order of the administrative law judge, including tax, interest, and any applicable penalty, payable to the state and conditioned to pay the amount stated in the final order plus applicable interest due the state and any court cost relating to the appeal. If a taxpayer can show to the satisfaction of the clerk of the circuit court to which the appeal is taken that he or she has a net worth (based on fair market value) of twenty thousand dollars ($20,000) or less, including his or her homestead, then the taxpayer may make an appeal without either paying the tax in full or posting a supersedeas *Page 473 
bond in double the amount of the assessment. The circuit court shall dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court as herein provided, or, concerning appeals from final assessments, if the amount of the assessment upheld by the final order of the administrative law judge is not timely paid in full or a supersedeas bond is not timely filed as herein required."
§ 40-2A-9(g)(1), Ala. Code 1975.
When it appealed to the circuit court in 1994, MCE obtained a waiver from the circuit clerk, which stated: "I, Samuel L. Grice, Circuit Clerk of Talladega County, Alabama, do hereby state that I am familiar with the Plaintiff and am satisfied that he is qualified to be exempt from posting a supersedeas bond or security for costs in the above-styled matter pursuant to § 40-2A-9(g)(1), Ala. Code 1975." The State did not raise the issue of lack of subject-matter jurisdiction based on MCE's alleged noncompliance with § 40-2A-9(g)(1) until shortly before the date of trial in 1998. At trial, the State presented evidence indicating that in late 1993 MCE's balance sheet, as reported to the Department, reflected assets in excess of $265,000 and retained earnings in excess of $246,000. At trial, MCE presented no evidence to indicate what the value of its assets was at the time it obtained the waiver and no evidence regarding its acquisition of the waiver; it argued only that the State should be estopped from asserting that the court lacked subject-matter jurisdiction, because of the length of time the appeal had been pending in the circuit court.
In order to invoke the trial court's jurisdiction in a tax appeal, the taxpayer must strictly comply with the statute that governs the procedures for that appeal. State v. Mann,653 So.2d 314 (Ala.Civ.App. 1994). This court has held that a taxpayer meets the requirements of § 40-2A-9(g)(1) when, within the 30 days allowed for an appeal, he submits an affidavit or application for an exemption, together with supporting documentation, to the circuit clerk. Smith v. State, 660 So.2d 1320 (Ala.Civ.App. 1995).
In its judgment, the trial court refused to dismiss the action for lack of subject-matter jurisdiction because, it determined, the State had waived that issue by waiting approximately four years to raise it. However, a lack of subject-matter jurisdiction is not waivable and may be raised at any time by either the parties or by the court, ex mero motu. Exparte Johnson, 715 So.2d 783 (Ala. 1998); Greco v. Thyssen MiningConstr., Inc., 500 So.2d 1143 (Ala.Civ.App. 1986). "`The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction, over the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent.'" Poff v. GeneralMotors Corp., 705 So.2d 442, 443 (Ala.Civ.App. 1997) (quotingB.F. Goodrich Co. v. Parker, 282 Ala. 151, 155, 209 So.2d 647,650 (1968)).
Given the evidence regarding MCE's assets and retained earnings, it would appear that the company did not qualify for the waiver under § 40-2A-9(g)(1), Ala. Code 1975. When it filed its notice of appeal, MCE did not pay the amount of the assessment into the court or obtain a supersedeas bond, as is required by §40-2A-9(g)(1). Thus, MCE failed to comply with the statute governing the process for appealing from the decision of the administrative law judge. See State v. Mann, supra; Smith v.State, supra. The trial court lacked subject-matter jurisdiction over MCE's appeal.
Even if the trial court did have subject-matter jurisdiction, its judgment in favor of MCE on the Department's assessment would have to be reversed.
The Department argues that the trial court erred in determining that MCE was entitled to a tax exemption for its rental of certain durable medical *Page 474 
equipment. The medical equipment at issue is known as an oxygen concentrator, or oxygenator machine.
In 1991, the Department assessed certain taxes against MCE. One of those assessments was for a lease tax on MCE's rental of oxygenator machines to its customers. MCE contested all of those assessments and appealed to the administrative law judge, who affirmed the assessments. Before trial in the circuit court, the parties had settled all of the assessments except the assessment of taxes on MCE's rental of the oxygenator machines.
At trial, MCE claimed to be exempt from the assessment of taxes on the oxygenator machines; it based this claim on §40-23-4.1, Ala. Code 1975, which provides an exemption from the gross sales tax for certain drugs. "Drugs" are defined, for the purposes of that exemption, as "any medicine prescribed by physicians when the prescription is filled by a licensed pharmacist, or sold to the patient by the physician, for human consumption or intake." § 40-23-4.1(a), Ala. Code 1975. MCE argued that the oxygen dispensed by the oxygenator machines is a "drug" or "medicine" as defined by § 40-23-4.1 and that, pursuant to § 40-23-4.1, the oxygenator machines should be exempt from taxation.
The Department assessed the tax on the oxygenator machines under § 40-12-220 et seq., Ala. Code 1975. Those provisions govern taxes on the lease or rental of personal tangible property. Section 40-23-4.1, under which MCE claimed its exemption, is an exemption from the state's sales tax statute. Section 40-23-4.1
does not provide an exemption from the lease tax, and the lease-tax provisions contain no exemption corresponding to that in § 40-23-4.1. Assuming that the sale of oxygenator machines would be exempt from the state sales tax under § 40-23-4.1, we must conclude that the rental of those machines was not exempt under the lease-tax provisions.
We note that the taxes at issue in this case were assessed in 1991. In 1993, the Alabama legislature enacted legislation exempting durable medical equipment, such as that at issue in this case, from certain taxes. Ala. Acts 1993, Act No. 93-353. That exemption, codified at § 40-9-30, Ala. Code 1975, became effective on October 1, 1994, well after the assessment at issue in this case.
JUDGMENT VACATED; APPEAL DISMISSED.
Yates and Crawley, JJ., concur.
Robertson, P.J., and Monroe, J., concur in the result.