The State Department of Revenue ("the Department") appeals from a judgment of the Circuit Court of Marion County in favor of R.L. Garner and Saundria Pate Garner ("the Garners"). In its judgment, the circuit court concluded that the Garners' appeal to the circuit court from an adverse decision of the Department's administrative law judge ("ALJ") was proper; that court reversed the ALJ's decision, holding that the Garners were entitled to a deduction from their 1998 Alabama income tax liability corresponding to a pro rata share of federal estate tax paid by the estate of Sterling Pate ("the Estate") attributable to income received by Saundria Garner as a beneficiary of the Estate.
The facts of this case are undisputed. Sterling Pate died in 1992; at the time of his death, he held a note receivable from Pepsi-Cola of Winfield.[1] The due date of the note was December 13, 1998. Had Sterling Pate received payment on this note during his lifetime, that payment would have constituted income to him. The Estate paid the appropriate estate taxes on the note.
The three beneficiaries of the Estate, including Saundria Garner, formed a limited liability company ("LLC"). The Estate transferred the note receivable to the LLC in January 1997. Pepsi-Cola paid the note in full in December 1998. The LLC then distributed the proceeds to the three beneficiaries. Saundria Garner received $1,210,531 from the LLC, which the Garners reported as income on their 1998 joint income tax return for the State of Alabama. The Garners claimed a deduction on their return in the amount of $653,605, which was the amount they claimed as the pro rata share of federal estate tax that had been paid on the note by the Estate attributable to Saundria Garner's share of the income. The Garners claimed the deduction based on their position that § 40-18-6(a)(3), Ala. Code 1975, adopted by reference § 691 of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 691. The Department *Page 382 
disallowed the deduction, contending that § 40-18-6(a)(3) had not adopted § 691 by reference and that the Garners were not entitled to the deduction because, it said, the Estate, and not the Garners individually, had paid the federal estate tax.
The Department entered a final income-tax assessment against the Garners for the 1998 tax year in the amount of $28,720.47. The Garners appealed the assessment to the Department's Administrative Law Division, and the ALJ conducted a review hearing. On October 6, 1999, the ALJ entered an order upholding the Department's tax assessment. The ALJ opined that § 40-18-6(a)(3) had not adopted § 691 and that the Garners' deduction had properly been denied by the Department. The ALJ also agreed with the Department that the Garners could not deduct a pro rata share of the federal estate tax paid on the note because the Estate, not the Garners individually, had paid the tax.
The Garners sought review of the ALJ's decision in the Circuit Court of Marion County. The Garners did not, at the time they appealed, pay the amount of the assessment in full; rather, they attached to their notice of appeal a document entitled "Supersedeas Bond By Appellants," which stated that it bound "R.L. and Saundria Garner, the principal obligors, and the undersigned sureties." The document was executed only by the Garners. The document was not executed by a surety company licensed to do business in Alabama, nor by any other third party. Nonetheless, the document was filed with, and approved by, the Marion County Circuit Clerk.
Based upon the absence of a qualified surety, the Department moved to dismiss for lack of subject-matter jurisdiction. Subsequently, both parties filed summary-judgment motions on the substantive issues.
On January 22, 2001, the circuit court denied the Department's motion to dismiss and granted the Garners' motion for a summary judgment. The circuit court set aside the Department's assessment, concluding that the Garners were entitled to a deduction for the amount of federal estate tax paid by the Estate that was attributable to Saundria Garner's share of income from the note. The circuit court held that although the Alabama Revenue Code did not specifically adopt I.R.C. § 691, it had incorporated I.R.C. § 691 "by reference"; the circuit court further based its judgment on its view that without the deduction there would be improper and inequitable double taxation because, it said, the proceeds would be subject to both federal estate tax and Alabama income tax. The Department appealed.
Because the facts of this case are undisputed, this court must determine whether the trial court misapplied the law to the undisputed facts. Therefore, this court's standard of review is de novo; no presumption of correctness inures in favor of the trial court. Ex parteGraham, 702 So.2d 1215 (Ala. 1997); Roberts Health Care, Inc. v. StateHealth Planning Dev. Agency, 698 So.2d 106 (Ala. 1997).
The Department first contends that the circuit court lacked subject-matter jurisdiction to hear the Garners' appeal because, it says, the Garners failed to comply with the provisions of §40-2A-9(g)(1), Ala. Code 1975. That section governs the procedure for appeals from a decision of the ALJ and provides, in pertinent part:
 "Either the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge by filing a notice of appeal with the Administrative Law Division and with the circuit court within 30 days from the date of the entry of the final *Page 383 
order. . . . If the appeal to circuit court is by a taxpayer from a final order involving a final assessment, the taxpayer, at the time of filing the appeal, shall pay the amount stated in the final order of the administrative law judge, plus applicable interest, or the taxpayer may execute a supersedeas bond, which shall be executed by a surety company licensed to do business in Alabama, in double the amount stated as due in the final order of the administrative law judge, including tax, interest, and any applicable penalty, payable to the state and conditioned to pay the amount stated in the final order plus applicable interest due the state and any court cost relating to the appeal. . . . The circuit court shall dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court as herein provided, or, concerning appeals from final assessments, if the amount of the assessment upheld by the final order of the administrative law judge is not timely paid in full or a supersedeas bond is not timely filed as herein required."
(Emphasis added.)
Section 40-2A-9(g)(1) was enacted in 1992 as part of the "Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act." Act No. 92-186, Ala. Acts 1992, § 8. The predecessor to § 40-2A-9(g)(1) was § 40-2-22, which was repealed by § 80 of Act No. 92-186. Regarding the posting of a supersedeas bond, § 40-2-22 provided, in pertinent part:
 "[T]he court shall upon motion ex mero motu dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the clerk or register of the court to which the appeal shall be taken in double the amount of the taxes. . . ."
Section 40-2-22 also required the taxpayer to post a "bond conditioned to pay all costs to be filed with and approved by the clerk or register of the court." In Smith v. State, 660 So.2d 1320, 1325 (Ala.Civ.App. 1995), this court compared the former statute and the current statute and stated:
 "In the appeals section of the new act, the legislature reenacted most of the same requirements for appealing a final tax assessment. . . . Both the old and the new statutes require the assessment to be paid or a supersedeas bond in double the amount of the assessment to be posted. . . . Whereas § 40-2-22
had required a `bond conditioned to pay all costs,' § 40-2A-7(b)(5)b. has no requirement of a cost bond. Unlike the former statute, the current statute requires only one bond to be posted."
Like § 40-2A-7(b)(5)b., § 40-2A-9(g)(1)[2] requires only the posting of a supersedeas bond; the posting of a separate cost bond is no longer required. However, § 40-2A-9(g)(1) now plainly and unambiguously specifies that a supersedeas bond must be "executed by a surety company licensed to do business in Alabama."
In order to invoke the trial court's jurisdiction in a tax appeal, the *Page 384 
taxpayer must strictly comply with the statute that governs the procedures for that appeal. State Dep't of Revenue v. Medical CareEquip., Inc., 737 So.2d 471 (Ala.Civ.App. 1999); State v. Mann,653 So.2d 314, 315 (Ala.Civ.App. 1994) (citations omitted). Strict compliance with the statute is jurisdictional. Sumner v. State Dep't ofRevenue, 562 So.2d 1319 (Ala.Civ.App. 1989). The supersedeas bond filed with the Garners' notice of appeal was signed only by the taxpayers themselves; it did not comply with § 40-2A-9(g)(1) — it was not executed by a "surety company licensed to do business in Alabama" as required by the plain language of § 40-2A-9(g)(1). Because the supersedeas bond did not comply with the unambiguous requirements of the statute, the circuit court lacked subject-matter jurisdiction over the Garners' appeal. See Dansby v. State Dep't of Revenue, 560 So.2d 1066,1067 (Ala.Civ.App. 1990) (applying the predecessor to 40-2A-(9)(1) and stating that "[t]his court has previously reviewed the statutory requirements . . . and held that such requirements are unambiguous and require strict compliance"). In its judgment, the circuit court refused to dismiss the Garners' appeal for lack of subject-matter jurisdiction on the basis that the circuit clerk had "respected" the deficient supersedeas bond. In Medical Care Equipment, 737 So.2d at 473, this court stated:
 "`"The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction, over the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent."' Poff v. General Motors Corp., 705 So.2d 442, 443 (Ala.Civ.App. 1997) (quoting B.F. Goodrich Co. v. Parker, 282 Ala. 151, 155, 209 So.2d 647, 650 (1967))."
In this case, neither the clerk of the circuit court nor the circuit court itself had authority to waive any requirement of the statute. Section 40-2A-9(g)(1) clearly directs the circuit court to dismiss a tax appeal where the statutory requirements for perfecting the appeal are not met; that statute provides, in pertinent part:
 "The circuit court shall dismiss any appeal . . . if the amount of the assessment . . . is not timely paid in full or a supersedeas bond is not timely filed as herein required."
Pursuant to § 40-2A-9(g)(1), a taxpayer must either pay the amount of the tax assessment (plus interest) or execute a supersedeas bond in accordance with the statutory requirements. In instances where, as here, the taxpayer has not paid the tax assessment, the requirement for a properly executed supersedeas bond in the prescribed statutory format is a jurisdictional prerequisite for perfecting an appeal to circuit court.See generally Medical Care Equipment, supra, and State v. Mann, supra
(requiring strict compliance with the statutory requirements for appealing a tax assessment); see also Sumner v. State Dep't of Revenue, 562 So.2d at 1320 (holding that under former § 40-2-22 a taxpayer must comply with each condition precedent in order to perfect an appeal to the circuit court and stating that the requirement of either paying the tax assessment or posting a supersedeas bond was a separate condition precedent to perfecting an appeal to the circuit court); cf. Canoe CreekCorp. v. Calhoun County Bd. of Equalization, 668 So.2d 826, 827
(Ala.Civ.App. 1995) ("[W]e have never held that strict compliance with a statutory requirement of filing a cost bond in a tax case is not necessary.").
In Medical Care Equipment, 737 So.2d at 473, the taxpayer, a corporation, attempted to bypass the requirement of a supersedeas bond when it appealed to the circuit court by filing a document executed by the clerk of the circuit court stating that the corporation was "exempt" from posting a bond. Subsequently, the State *Page 385 
presented evidence regarding the corporate assets and retained earnings showing that the corporation did not qualify for a waiver.[3]
This court held that the trial court lacked subject-matter jurisdiction of the appeal because, at the time the corporation filed its notice of appeal, it "did not pay the amount of the assessment into the court or obtain a supersedeas bond, as is required by § 40-2A-9(g)(1)." Id.
Because the Garners failed to comply with the requirements of §40-2A-9(g)(1), the trial court lacked jurisdiction over the Garners' appeal, and its judgment is void. A void judgment will not support an appeal. Therefore, we dismiss the Department's appeal to this court, and instruct the circuit court to vacate its judgment in favor of the Garners. See State Dep't of Revenue v. Zegarelli, 676 So.2d 354, 356
(Ala.Civ.App. 1996).
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] The ALJ states that the face value of the note was $3,662,790; the parties agree to this figure in their briefs on appeal. The circuit court states that the face value of the note was $3,744,265. The actual face value of the note is not at issue in the case. The record is clear that the Estate valued the note at $3,256,000, which the Internal Revenue Service increased by $81,475 after auditing the Estate.
[2] Section 40-2-22 was the predecessor statute to both §40-2A-7(b)(5)b. and § 40-2A-9(g)(1). Section 40-2A-7(b)(5)b. provides the procedure for appealing directly to the circuit court from a final assessment entered by the Department; § 40-2A-9(g)(1) provides the procedure for appealing to the circuit court from a final order of the Department's ALJ involving a final assessment. The requirements for an appeal to the circuit court mirror one another in the two new sections. Section 40-2A-7(b)(5)c. states that the requirement for filing the supersedeas bond is "jurisdictional" and further provides, in pertinent part: "If such prerequisite [is] not satisfied within the time provided for appeal, the appeal shall be dismissed for lack of jurisdiction."
[3] Under § 40-2A-9(g)(1), a taxpayer is not required to post a supersedeas bond if the taxpayer can show to the satisfaction of the clerk of the circuit court that the taxpayer has a net worth of $20,000 or less.