On June 13, 2001, James B. Morton and Sara B. Morton ("the taxpayers"), who reside in Barbour County, filed petitions for refund pursuant to the Alabama Taxpayers' Bill of Rights and Uniform Procedures Act, Ala. Code 1975, § 40-2A-1 et seq. (hereinafter "TBOR"), with the Alabama Department of Revenue ("the Department") in the form of amended Alabama income-tax returns[1] with respect to tax years 1994, 1995, and 1996. In those petitions, the taxpayers requested income-tax refunds based upon their contention that certain payments made to Sara B. Morton by the Teachers Retirement System of Georgia during 1994, 1995, and 1996 were payments from a defined-benefit plan and were therefore not subject to Alabama income taxation. The Department denied the taxpayers' refund claims on the basis that the taxpayers had failed to seek the requested refunds within three years of the filing dates of their original income-tax returns for those years (i.e., April 4, 1995; March 22, 1996; and March 18, 1997) or within two years from the date of their tax payments for those years, as is required by the TBOR (§ 40-2A-7(c)(2)a., Ala. Code 1975).
The taxpayers sought administrative review of the Department's denial of their refund petitions by filing a notice of appeal to the Department's Administrative Law Division ("ALD") pursuant to § 40-2A-7(c)(5)a., Ala. Code 1975. After a hearing, the Department's Chief Administrative Law Judge ("ALJ") entered a final order on February 28, 2002, denying the taxpayers' requested refunds on the basis that they had failed to claim the requested refunds for 1994, 1995, and 1996 within three years from the April 15 due dates of the income-tax returns for those years, i.e., by April 15, 1998; April 15, 1999; and April 15, 2000, respectively. The final order of the ALJ stated that an appeal would lie from that order "within 30 days pursuant to [Ala.Code] 1975, § 40-2A-9(g)." Ala. Code 1975, § 40-2A-9(g), provides, in pertinent part:
 "(1) Either the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge by filing a notice of appeal with the Administrative Law Division and with the circuit court within 30 days from the date of entry of the final order. . . . Any appeal by the taxpayer may be taken to the Circuit Court of Montgomery County, Alabama, or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama. . . . The circuit court shall dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court as herein provided. . . ."
(Emphasis added.)
On March 18, 2002, the taxpayers, proceeding pro se, sent a letter to the presiding *Page 942 
circuit judge of the Barbour Circuit Court. That letter indicated that it was to be deemed the taxpayers' "protest of the decision rendered on February 27, 2002 [sic] in which the State refuse[d] refunds of taxes . . . because [the] action is barred by the Statute of Limitations." The letter was filed in the Barbour Circuit Court on March 21, 2002, and it bears the handwritten notation "Notice of Appeal," which appears to have been added by court personnel. There is no indication in the letter that a copy thereof was simultaneously sent to the ALD, and there is no indication in the record that any notice of the taxpayers' "protest" was sent to the ALD during the 30-day period following the entry of the ALJ's final order.
On April 3, 2002, 34 days after the entry of the ALJ's final order, the clerk of the Barbour Circuit Court sent a transmittal notice to the ALD in Montgomery indicating that an administrative-appeal action had been filed in that court. That transmittal notice was received by the ALD on April 8, 2002, 39 days after the entry of the ALJ's order. On April 25, 2002, after the ALJ had forwarded a copy of the administrative record to the circuit court, the Department filed a motion to dismiss or, in the alternative, for a summary judgment, and a supporting brief in which the Department contended, among other things, that the circuit court lacked subject-matter jurisdiction to hear an appeal from the ALJ's final order because the taxpayers had not perfected their appeal in compliance with § 40-2A-9(g)(1), Ala. Code 1975, and that the ALJ's final order was correct as a matter of law. The taxpayers retained counsel and filed a response to the Department's motion, contending that the Department had been given actual notice of the taxpayers' appeal and that their refund petitions should have been allowed because, they said, they were "misled . . . into believing" that the Georgia teacher's retirement income was taxable; they urged the circuit court to "invoke its equity powers and order that their amended returns be allowed" and to allow them "the same rules or benefits of the law as [are] given to the State in circumstances of false or fraudulent information." The circuit court denied the Department's motion.
The case was tried on May 6, 2003. At that time, the circuit court again denied the Department's motion to enter a judgment in its favor based upon lack of jurisdiction and proceeded to take testimony and receive exhibits. On August 5, 2003, the circuit court entered a judgment in which it concluded that the taxpayers actually had six years (instead of three years) to seek a refund of overpaid tax based upon its analogy to the Department's right, under § 40-2A-7(b)(2)b., Ala. Code 1975, to enter a preliminary assessment against a taxpayer within six years from a tax return's due date or date of filing "if the taxpayer omits from the taxable base an amount properly includable therein which is in excess of 25 percent of the amount of the taxable base stated in the return." Based upon that conclusion, the circuit court determined that the taxpayers had timely filed amended returns for the tax years 1995 and 1996, and it directed the Department to refund $1,454, plus accrued interest, to the taxpayers. The Department timely appealed from the circuit court's judgment.
The Department contends, among other things, that the circuit court lacked jurisdiction to hear the taxpayers' appeal. We agree. As we have noted, under § 40-2A-9(g)(1), a notice of appeal from a final order of an ALJ must be filed not only in the appropriate circuit court but also with the ALD within 30 days from the date of entry of the final order, and the circuit courts have been directed by the Legislature to "dismiss any appeal that is not timely filed with the Administrative Law *Page 943 
Division and the circuit court" (emphasis added). Simply mailing a protest letter to a circuit judge within 30 days of the entry of the ALJ's order does not suffice under the statute to invoke the circuit court's subject-matter jurisdiction to review that order.
It is well settled under Alabama law that the failure of an appellant to timely file a notice of appeal with the appropriate Department agent as specified by statutes governing tax appeals results in a jurisdictional defect and prevents the circuit court from entering a valid judgment. For example, in Dowda v. State,274 Ala. 124, 145 So.2d 830 (1962), the Alabama Supreme Court, applying tit. 51, § 140, Ala. Code 1940 (Recomp. 1958), held that a circuit court did not have jurisdiction to hear an appeal from a final tax assessment where a notice of appeal was not filed with the Department's secretary until more than 30 days had elapsed after the Department's final assessment, even though thenotice had been timely filed in the circuit court:
 "[U]nder the provisions of § 140, Title 51, Code 1940, the timely filing of a notice of appeal with the secretary of the Department of Revenue is one of the things which the taxpayer must do in order to perfect his appeal. In other words, without the timely filing of that notice the appeal is not perfected irrespective of the fact that a notice of appeal and the bond to secure costs were timely filed with the Register of the Circuit Court to which the appeal is attempted to be taken."
274 Ala. at 125-26, 145 So.2d at 831.
To like effect are the decisions of this court in Mitchell v.State, 351 So.2d 599 (Ala.Civ.App. 1977) (affirming dismissal of appeal from final assessment where notice of appeal was filed with Department 34 days after assessment); State Department ofRevenue v. Welding Engineering Supply Co., 452 So.2d 1340
(Ala.Civ.App. 1984) (reversing circuit court's judgment for taxpayer where notice of appeal was not received until 33 days after final assessment); and State v. Mann, 653 So.2d 314, 315
(Ala.Civ.App. 1994) (holding that taxpayer's appeal from final tax assessment should have been dismissed where evidence did not show that Department had been served with notice of appeal, rejecting trial court's conclusion that "`adequate notice of appeal ha[d] been given under the circumstances'").
Because the taxpayers "failed to comply with the requirements of § 40-2A-9(g)(1), the trial court lacked jurisdiction over [their] appeal, and its judgment is void." State Dep't ofRevenue v. Garner, 812 So.2d 380, 385 (Ala.Civ.App. 2001). A void judgment will not support an appeal, and we therefore dismiss the Department's appeal; however, we instruct the Barbour Circuit Court to vacate its judgment in favor of the taxpayers.See id. (citing State Dep't of Revenue v. Zegarelli,676 So.2d 354, 356 (Ala.Civ.App. 1996)). Our conclusion obviates the need to consider the parties' arguments regarding the substantive correctness of the trial court's judgment, including its interpretation of § 40-2A-7, Ala. Code 1975, as allowing taxpayers to seek refunds more than three years after the filing of a tax return.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] Pursuant to Ala. Code 1975, § 40-2A-3(14), which is a portion of the TBOR, an amended tax return is deemed to constitute a petition for refund. *Page 944