THOMAS, Judge.
 

 The Alabama Department of Revenue (“DOR”) appeals from a summary judgment entered by the Mobile Circuit Court in favor of Edna Harris. That judgment overturned a ruling by an administrative law judge (“ALJ”) upholding DOR’s revo
 
 *129
 
 cation of Harris’s certificate of title to a vehicle. We vacate the circuit court’s judgment because that court had no subject-matter jurisdiction.
 

 On July 14, 2006, DOR, in compliance with the first sentence of § 40-2A-8(a), Ala.Code 1975, notified Harris that it was revoking the certifícate of title to her vehicle, a 1999 Lexus ES 300 automobile. Pursuant to the third sentence of § 40-2A-8(a), Harris appealed to DOR’s Administrative Law Division. On September 27, 2007, an ALJ upheld DOR’s revocation of the certificate of title. On October 9, 2007, Harris filed a notice of appeal from the ALJ’s ruling to the Mobile Circuit Court.
 

 In the circuit court, Harris and DOR filed cross-motions for a summary judgment, as well as supporting briefs. On February 27, 2008, the circuit court granted Harris’s motion and entered a summary judgment in her favor, ordering DOR to issue Harris a valid certificate of title to the vehicle. On April 4, 2008, DOR timely appealed to this court.
 

 On appeal, DOR argues that the circuit court was without subject-matter jurisdiction to entertain Harris’s appeal because Harris had failed to perfect the appeal in compliance with § 40 — 2A—9(g)(1), Ala.Code 1975. That section provides, in pertinent part:
 

 “(g)
 
 Appeals to circuit court.
 

 “(l)a. Either the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge
 
 by filing a notice of appeal with the Administrative Law Division and with the circuit court within 30 days from the date of entry of the final order.
 
 Any appeal by the department shall be filed with the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama. If the taxpayer neither resides in Alabama nor has a principal place of business in Alabama, the appeal may be made to the Circuit Court of Montgomery County, Alabama. Any appeal by the taxpayer may be taken to the Circuit Court of Montgomery County, Alabama, or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama.
 

 “c.l....
 
 [T]he circuit court shall dismiss any appeal that is not timely filed with the Administrative Law Division and the circuit court as herein provided
 
 ....”
 

 (Emphasis added.) Section 40-2A-9(g)(l)a. requires a party who wishes to appeal a final order by an ALJ to file a notice of appeal with
 
 both
 
 the circuit court
 
 and
 
 DOR’s Administrative Law Division within 30 days of the entry of the final order. Section 40-2A-9(g)(l)c.l requires the circuit court to “ ‘dismiss any appeal that is not timely filed with the Administrative Law Division
 
 and
 
 the circuit court.’ ”
 
 Alabama Dep’t of Revenue v. Mortem,
 
 892 So.2d 940, 942-43 (Ala.Civ. App.2004). The record contains no indication that Harris filed a notice of appeal with DOR’s Administrative Law Division.
 

 In
 
 Morton,
 
 this court held:
 

 “Because the taxpayers “failed to comply with the requirements of § 40-2A-9(g)(l), the trial court lacked jurisdiction over [their] appeal, and its judgment is void.”
 
 State Dep’t of Revenue v. Gamer,
 
 812 So.2d 380, 385 (Ala. Civ. App.2001). A void judgment will not support an appeal, and we therefore dismiss the Department’s appeal; however, we instruct the Barbour Circuit Court to vacate its judgment in favor of the taxpayers.
 
 See id.
 
 (citing
 
 State Dep’t of Revenue v. Zegarelli,
 
 676 So.2d 354, 356
 
 *130
 
 (Ala.Civ.App.1996)). Our conclusion obviates the need to consider the parties’ arguments regarding the substantive correctness of the trial court’s judgment, including its interpretation of § 40-2A-7, Ala.Code 1975, as allowing taxpayers to seek refunds more than three years after the filing of a tax return.”
 

 892 So.2d at 943. Similarly, in the present case, we dismiss DOR’s appeal and instruct the circuit court to vacate its judgment in favor of Harris.
 

 APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.