BRYAN, Judge.
The State of Alabama Department of Revenue (“the Department”) petitions this court for a writ of mandamus ordering the Montgomery Circuit Court to dismiss a tax-assessment appeal filed by Gateway Gaming, LLC (“Gateway”). We deny the petition.
In March 2010, the Department entered a final assessment of rental tax against Gateway in the amount of $604,550.87. Gateway appealed the assessment to the Department’s Administrative Law Division (“ALD”), and the appeal was heard by an administrative law judge (“ALJ”). On December 5, 2011, the ALJ issued an order affirming the tax assessment. Gateway sought to appeal the ALJ’s decision to the circuit court, pursuant to § 40-2A-9(g), Ala.Code 1975. Under § 40-2A-9(g)(l)a., “[ejither the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge by filing a notice of appeal with the [ALD] and with the circuit court within 30 days from the date of entry of the final order.” (Emphasis added.) On January 3, 2012, within 30 days of the entry of the ALJ’s order, Gateway filed a notice of appeal with the circuit court. However, Gateway did not file the required notice of appeal with the ALD within 30 days of the entry of the ALJ’s order. Instead, Gateway sent a notice of appeal to counsel for the Department within the 30-day appeal period.
The Department subsequently filed a motion to dismiss the appeal on the ground that Gateway had failed to file a notice of appeal with the ALD. On May 10, 2012, the circuit court entered an order denying the Department’s motion to dismiss and allowing Gateway 30 days to “satisfy the requirements” of § 40-2A-9(g)(l)a., ie., to file a notice of appeal with the ALD. The *398 following day, on May 11, 2012, Gateway filed a notice of appeal from the ALJ’s order with the ALD.
The Department petitioned this court for a writ of mandamus directing the circuit court (1) to vacate its order of May 10, 2012, allowing Gateway 30 extra days to file its notice of appeal with the ALD and (2) to dismiss Gateway’s appeal. The Department argues that the circuit court incorrectly applied the statute concerning appeals to the circuit court. Gateway maintains that the circuit court’s understanding of the statute is correct.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
“In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)); see also Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n, 589 So.2d 687, 689 (Ala.1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm’n, 524 So.2d 357, 360 (Ala.1988); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984); Dumas Bros. Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala.1983); Town of Loxley v. Rosinton Water, Sewer, & Fire Protection Auth., Inc., 376 So.2d 705, 708 (Ala.1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).”
DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998).
Section 40-2A-9(g)(l) establishes various requirements for perfecting an appeal to the circuit court from an ALJ’s order in a tax-assessment case. The first paragraph of § 40-2A-9(g)(l), paragraph a, requires the party appealing from the ALJ’s order to file a notice of appeal with both the ALD and the circuit court within 30 days of the entry of the ALJ’s order. § 40-2A-9(g)(l)a. Paragraph b of § 40-2A-9(g)(l) establishes further require *399 ments when a taxpayer appeals from an ALJ’s order:
“b. If the appeal to circuit court is by a taxpayer from a final order involving a final assessment, the taxpayer, at the time of filing the appeal, shall do one of the following:
“1. Pay the amount stated in the final order of the administrative law judge, plus applicable interest.
“2. Execute a supersedeas bond [pursuant to certain requirements] ....
“3. File an irrevocable letter of credit with the circuit court [pursuant to certain requirements]....
“4. File a pledge or collateral assignment of securities [pursuant to certain requirements]....
“5. Show to the satisfaction of the clerk of the circuit court [that the taxpayer has a net worth less than a specified amount].”
Paragraph c of § 40-2A-9(g)(l) discusses the procedure when the requirements of paragraphs a or b are not satisfied:
“c.l. Except as provided in subpara-graph 2., the circuit court shall dismiss any appeal that is not timely filed with the [ALD] and the circuit court as herein provided, or, concerning appeals from final assessments, if the amount of the assessment upheld by the final order of the administrative law judge is not timely paid in full, or a supersedeas bond, irrevocable letter of credit, or pledge or collateral assignment of securities is not timely filed as herein required.
“2. Notwithstanding subparagraph 1., should the circuit court determine that the taxpayer has not satisfied the requirements of this subdivision, the circuit court shall order that the taxpayer satisfy such requirements. The taxpayer may satisfy such requirements at any time within 30 days after service of the court order. No order of dismissal for lack of jurisdiction shall be entered within 80 days after service of the court order, and no order of dismissal shall thereafter be entered if such requirement is satisfied within such 30-day period.”
(Emphasis added.)
In this case, Gateway initially failed to satisfy a requirement of paragraph a by not filing a notice of appeal with the ALD within 30 days of the entry of the ALJ’s order. § 40-2A-9(g)(l)a. Gateway did, however, partially meet the requirements of paragraph a by filing a notice of appeal with the circuit court within the prescribed period. The circuit court, obviously relying on the “safe-harbor” provision of sub-paragraph 2 of paragraph c, allowed Gateway 30 days to “satisfy the requirements” of § 40-2A-9(g)(l)a. That is, the circuit court gave Gateway 30 days to file a notice of appeal with the ALD, which Gateway did. The issue in this case is whether subparagraph 2 of paragraph c permits the circuit court to give Gateway an additional 30 days to file a notice of appeal with the ALD. Gateway argues that the circuit court’s order is supported by the plain language of the statute. The Department argues, however, that subparagraph 2 of paragraph c allows a taxpayer additional time to satisfy a requirement of only paragraph b, which concerns security for the appeal — a requirement that is not at issue here. The Department argues that sub-paragraph 2 does not allow a taxpayer additional time to satisfy a requirement in paragraph a, which this case concerns. Thus, the Department argues that the circuit court must dismiss Gateway’s appeal for failure to timely file a notice of appeal to the ALD under paragraph a.
To determine which party is correct, we must examine the statute more closely. *400 Subparagraph 1 of paragraph c provides that “[ejxcept as provided in subpara-graph 2., the circuit court shall dismiss any appeal that is not timely filed with the [ALD] and the circuit court as herein provided.” § 40-2A-9(g)(l)c.l (emphasis added). Therefore, the language requiring dismissal in subparagraph 1 is limited by the qualifying phrase “except as provided in subparagraph 2.”
The first sentence of subparagraph 2 of paragraph c provides: “Notwithstanding subparagraph 1., should the circuit court determine that the taxpayer has not satisfied the requirements of this subdivision, the circuit court shall order that the taxpayer satisfy such requirements.” (Emphasis added.) The term “this subdivision” in subparagraph 2 refers to subdivision (1) in § 40-2A-9(g), the subdivision in which subparagraph 2 of paragraph c is contained. See § 40-2A-9, Amendment Notes to the 2007 amendment (stating that the 2007 amendment, among other things, “in subsection (g), in subdivision (1) inserted the paragraphs a.-c. designators” (emphasis added)). The “requirements” of subdivision (1) are the requirements contained in paragraph a of that subdivision, concerning the filing of the notice of appeal, and the requirements contained in paragraph b of that subdivision, concerning security for the appeal. Thus, by its plain language, subparagraph 2 references the requirement at issue in this case, the requirement in paragraph a that the notice of appeal be filed with the ALD.
The second and third sentence of sub-paragraph 2 of paragraph c provide:
“The taxpayer may satisfy such requirements[, i.e., the requirements of subdivision (1),] at any time within 30 days after service of the court order [ordering that the taxpayer satisfy the requirements]. No order of dismissal for lack of jurisdiction shall be entered within 30 days after service of the court order, and no order of dismissal shall thereafter be entered if such requirement is satisfied within such 30-day period.”
Thus, by its plain terms, subparagraph 2 allows a taxpayer, upon order of the circuit court, 30 days to satisfy any of the requirements needed to perfect an appeal under paragraphs a and b. Only upon failure to satisfy all the requirements of paragraphs a and b within 30 days of the circuit court’s order would the appeal be subject to dismissal for lack of jurisdiction. In this case, Gateway satisfied the remaining unfulfilled requirement for perfecting its appeal — filing a notice of appeal with the ALD — well within the 30-day period following the entry of the circuit court’s order. Accordingly, based on a plain reading of the applicable statutory provisions, Gateway perfected its appeal to the circuit court following the entry of the circuit court’s order, and the circuit court did not err by not dismissing the appeal.
We recognize that one may question how the requirement of filing a notice of appeal with the ALD within 30 days of the entry of the ALJ’s decision could ever be technically “satisfied” after that 30-day period has expired. We note that the actions required in both paragraph a and paragraph b are to be completed within this 30-day period. Thus, for the safe-harbor provision of paragraph c to have any application, we must read that provision as allowing a party to “satisfy” requirements outside the original 30-day period. In other words, the 30-day period following the entry of the circuit court’s order allowing the “requirements” to be “satisfied” essentially replaces the original 30-day period in which the required actions should have occurred.
In 2007, the legislature passed Act No. 2007-504, Ala. Acts 2007 (“the Act”), which *401 amended § 40-2A-9(l) to add, among other things, subparagraph 2 of paragraph c. Before the 2007 amendment, there was no provision in the statute allowing a taxpayer an additional 30 days to satisfy the requirements of an appeal to the circuit court under § 40-2A-9(g). Thus, under the statute before the 2007 amendment, failure by a taxpayer to file an appeal with the ALD within 30 days of the entry of the ALJ’s order would have properly resulted in the dismissal of the appeal for failure to invoke the circuit court’s subject-matter jurisdiction. See, e.g., Alabama Dep’t of Revenue v. Morton, 892 So.2d 940 (Ala.Civ.App.2004). In arguing that the circuit court should have dismissed Gateway’s appeal for its failing to file a notice of appeal with the ALD within 30 days of the entry of the ALJ’s order, the Department primarily relies on cases controlled by the statute before the 2007 amendment. However, the 2007 amendment, by adding sub-paragraph 2 of paragraph c, substantially changed the statute regarding when an appeal could be dismissed for lack of jurisdiction. Thus, cases decided under the statute before the 2007 amendment are not controlling on the issue before us.
The Department does cite one case, Alabama Department of Revenue v. Harris, 12 So.3d 128 (Ala.Civ.App.2008), that was decided under the statute following the 2007 amendment. In Harris, the taxpayer appealed to a circuit court from an ALJ’s order upholding a tax assessment. The taxpayer, like Gateway in this case, did not file a notice of appeal with the ALD within 30 days of the entry of an ALJ’s order. On appeal to the circuit court, that court entered a final judgment in favor of the taxpayer, and the Department appealed to this court. This court concluded that the circuit court had lacked jurisdiction over the taxpayer’s appeal due to the taxpayer’s failure to file a notice of appeal with the ALD. Consequently, the circuit court’s judgment was void. Thus, we dismissed the appeal and instructed the circuit court to vacate its judgment.
The circuit court in Harris, unlike the circuit court in this case, never entered an order pursuant to subparagraph 2 of paragraph c allowing the taxpayer 30 extra days to file a notice of appeal with the ALD. The circuit court in Harris, unlike the circuit court in this case, entered a final judgment despite the absence of a jurisdictional prerequisite for perfecting the appeal. Most importantly, it does not appear that the application of subpara-graph 2 of paragraph c was an issue in Harris, unlike in this case. Thus, Harris does not require us to conclude that the circuit court lacked jurisdiction to enter an order under paragraph c and that the circuit court must instead dismiss the appeal.
The plain language of the statutory provisions in this case supports the circuit court’s order; other factors also support the circuit court’s order. When the legislature passed the Act, amending the applicable section in this case, § 40-2A-9 (“section 9”), it also amended § 40-2A-7 (“section 7”), a part of the same Statute. Section 40-2A-7(b)(5) gives taxpayers the option of appealing a tax assessment directly to a circuit court rather than appealing to the ALD. If a taxpayer appeals directly to a circuit court and bypasses the ALD under section 7, the taxpayer must file a notice of appeal with both the circuit court and the secretary of the Department within 30 days of the assessment. § 40-2A-7(b)(5)b.l. To perfect the appeal, the taxpayer under section 7, as under section 9, must satisfy one of various options concerning security for the appeal. § 40-2A-7(b)(5)b.2. Section 7, like section 9, has a provision directing the circuit court to allow the taxpayer an additional 30 days to satisfy certain unmet *402 requirements for perfecting the appeal. § 40-2A-7(b)(5)c.2. However, section 7, unlike Section 9, specifically limits the application of that 30-day safe-harbor provision: “[SJhould the circuit court determine that the taxpayer has not satisfied the requirements of subparagraph b.2, [ie., the requirements concerning security for the appeal,] the circuit court shall order that the taxpayer satisfy such requirements.” Id. (emphasis added). Thus, the safe-harbor provision in section 7, unlike the safe-harbor provision in section 9, does not allow a taxpayer another opportunity to file a required notice of appeal if the taxpayer has failed to do so within 30 days of the entry of the appealed decision.
“[W]e presume that a difference in wording, especially in provisions within similar statutes, reflects a difference in meaning.” Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 488 (Ala.2007).
“[This Court is not] permitted arbitrarily to disregard the marked differences in terminology illustrated by these distinct types of amendments. Indeed, where there is a ‘material alteration in the language used in the different clauses, it is to be inferred’ that the alterations were not inadvertent. Lehman, Durr & Co. v. Robinson, 59 Ala. 219, 235 (1877).”
House v. Cullman Cnty., 593 So.2d 69, 75 (Ala.1992).
In this case, the legislature broadly drafted the safe-harbor provision in section 9, but it drafted the safe-harbor provision in section 7 to specifically limit the provision to the security requirements on appeal. Those differences indicate that the legislature did not intend to limit both safe-harbor provisions to concern only the security requirements of a tax appeal. Had the legislature intended to limit the safe-harbor provision of section 9 in the same manner as the safe-harbor provision of section 7, it could have easily done so; we again note that each provision is a part of the same amendatory act. The differences in the two sections further undermines the Department’s argument that the safe-harbor provision in section 9 does not apply to the failure to timely file a notice of appeal with the ALD, the situation in this case.
The Department argues that the title of the Act indicates that the legislature intended for the safe-harbor provision of paragraph c of § 40-2A-9(g)(l) to apply only to the security requirements of paragraph b, not the requirements concerning the notice of appeal in paragraph a. The title of the Act states:
“To amend Sections 40-2A-7 and 40-2A-9, Code of Alabama 1975, relating to the filing of supersedeas bonds by taxpayers, to lower the supersedeas bond requirement to 125 percent of the amount of the final assessment or judgment, to provide alternatives to fifing the supersedeas bond, to raise the monetary limit for taxpayers who are not required to file a supersedeas bond, and to provide that a taxpayer who fails to satisfy the requirements would have 30 days to cure the deficiency.”
The Department correctly notes that the title of the Act does not reference the notice-of-appeal requirements found in paragraph a. However, we note that, although “[t]he title to an act may serve as an aid to statutory construction,” this court should turn to the title “ ‘to determine the meaning of a piece of legislation only if we can draw no rational conclusion from a straightforward application of the terms of the statute.’ ” Alabama Dep’t of Envtl. Mgmt. v. Legal Envtl. Assistance Found., Inc., 973 So.2d 369, 379 (Ala.Civ.App.2007) (quoting DeKalb Cnty. LP Gas Co., 729 *403 So.2d at 277). The United States Supreme Court has explained:
“[The] heading is but a short-hand reference to the general subject matter involved .... [H]eadings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis.... For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for the resolution of a doubt. But they cannot undo or limit that which the text makes plain.”
Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R., 381 U.S. 519, 528-29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947).
In this case, a straightforward application of the safe-harbor provision in paragraph c indicates that the provision applies both to the requirements of paragraph a and paragraph b. Therefore, there is no need to consult the title to determine the legislature’s intent. Alabama Dep’t of Envtl. Mgmt. and Brotherhood of R.R. Trainmen.
Moreover, the title of the Act does not contain an exhaustive list of the amendments to the statute. The Act added, among other things, two new subsections to section 9, subsections (n) and (o). See Ala.Code § 40-2A-9, Amendment Notes to the 2007 amendment. Subsection (n) concerns the revision of Department regulations, and subsection (o) concerns the reduction of the supersedeas-bond amount for pending appeals when the Act was enacted. The Act also added subsections (d) and (e) to section 7, see § 40-2A-7, Amendment Notes to the 2007 amendment; those subsections are the same as subsections (n) and (o) in section 9. However, the substance of those new subsections is not recounted in the Act’s title. Thus, even if we were to examine the title in considering the meaning of the Act, we would place little significance on the omission of language relating the safe-harbor provision to the requirements concerning notices of appeal. See Brotherhood of R.R. Trainmen, 331 U.S. at 528 (stating that it is not unusual for a heading to “fail[ ] to refer to all the matters which the framers of that section wrote into the text”).
The circuit court did not err in allowing Gateway 30 additional days to file a notice of appeal with the ALD. Accordingly, we deny the petition for a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.