DONALDSON, Judge.
The Alabama Department of Labor (“ADOL”) petitions this court for the writ of mandamus directing the Tallapoosa Circuit Court (“trial court”) to grant its motion to dismiss the appeal filed by Charter HR, Inc. (“Charter”), seeking review of an administrative determination and final assessment finding Charter to be a “successor corporation,” which obligated Charter to pay unemployment-compensation taxes at a higher rate than it would be obligated to pay if it was a “new corporation.” Because ADOL fails to demonstrate a clear legal right to the relief it seeks, we deny the petition for the writ of mandamus.

Facts and Procedural History

The relevant facts before us are limited. A dispute existed between ADOL and Charter as to the proper assessment that should be imposed against Charter for unemployment-compensation tax purposes; that dispute centered on whether Charter is considered a new corporation, taxed at 2.70% of annual wages, or a successor corporation, taxed at 4.7% of annual wages. See generally § 25^4-8, Ala.Code 1975 (setting out the provisions for determining whether an employer qualifies as a successor corporation). An administrative determination and final assessment was entered finding Charter to be a successor corporation and calculating Charter’s unemployment-compensation tax rate as a successor corporation at 4.7% of annual wages. On January 18, 2013, Charter filed a notice of appeal to the trial court, seeking judicial review of the administrative determination pursuant to § 25-4-134(c)(3), Ala.Code 1975. Along with its notice of appeal, Charter filed a “Superse-deas Bond and Bond for Costs” (“the bond”). The bond was executed by Crystal Walters in her capacity as attorney-in-fact for the 3175 Children’s Trust, which *1060 described itself as “the principal owner of Charter HR, Inc.” The bond acknowledges that the signatory is bound to pay the obligations of Charter up to double the amount of the assessment plus costs should the appeal be unsuccessful. The bond shows that the trial court clerk approved it on January 18, 2013. On February 8, 2013, ADOL filed a motion to dismiss Charter’s appeal on the basis that the bond submitted by Charter was not sufficient and failed to comply with § 25-4-134(c)(3)b. and that, thereafter, the trial court lacked subject-matter jurisdiction. Charter responded to that motion on February 15, 2013, by asserting that the bond was sufficient, and the trial court denied ADOL’s motion to dismiss on February 22, 2013. ADOL petitioned this court for the writ of mandamus on April 5, 2013.

Standard of Review

“The denial of a motion to dismiss for lack of jurisdiction is reviewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000); Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006). With regard to an appellate court’s consideration of a petition for a writ of mandamus, our supreme court has stated:
“ ‘This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987).’
“Ex parte Flint Constr. Co., 775 So.2d at 808.”
Ex parte Diefenbach, 64 So.3d 1091, 1093 (Ala.Civ.App.2010).

Discussion

ADOL argues that the trial court lacked subject-matter jurisdiction over the appeal because the bond filed by Charter did not comply with the provisions of § 25^-134(c)(3)b., which provides, in pertinent part:
“If an employer against whom an assessment is made by the director is dissatisfied with the final assessment as fixed by the director under any of the provisions of subdivision (1) of this subsection (c) and duly protests the fixing of the same, he may appeal from said final assessment to the Circuit Court of Montgomery County, or to the circuit court of the county in which the employer resides or has his principal place of business, if the employer has within the state a permanent residence, at the option of the employer, by filing notice of appeal with the director and with the register of the circuit court of the county to which appeal shall be taken, within 30 days of the date of the final assessment made and entered on the minutes of the department, and in addition thereto by giving bond conditioned to pay all costs, to be filed with and approved by the register or clerk of the court to which the appeal shall be taken. The employer shall pay the assessment so made before the appeal is filed, or the court shall upon ntotion dismiss such appeal, *1061 unless at the time of taking the appeal the employer has executed a supersede-as bond with sufficient sureties to be approved by the register or clerk of the court to which the appeal shall be taken in double the amount of contributions, interest, and penalties, payable to the director, conditioned to pay all contributions, interest, penalties, and costs found to be due [ADOL]....”
(Emphasis added.) ADOL does not argue that Charter failed to execute a supersede-as bond or that the clerk of the court did not accept the bond. Rather, ADOL argues that the bond is not valid. ADOL relies on State Department of Revenue v. Garner, 812 So.2d 380 (Ala.Civ.App.2001):
“The Garners sought review of the [administrative law judge’s] decision in the Circuit Court of Marion County. The Garners did not, at the time they appealed, pay the amount of the assessment in full; rather, they attached to their notice of appeal a document entitled ‘Supersedeas Bond By Appellants,’ which stated that it bound ‘R.L. and Saundria Garner, the principal obligors, and the undersigned sureties.’ The document was executed only by the Garners. The document was not executed by a surety company licensed to do business in Alabama, nor by any other third party. Nonetheless, the document was filed with, and approved by, the Marion County Circuit Clerk.”
Id. at 382. This court ruled:
“The supersedeas bond filed with the Garners’ notice of appeal was signed only by the taxpayers themselves; it did not comply with § 40-2A-9(g)(l) — it was not executed by a ‘surety company licensed to do business in Alabama’ as required by the plain language of § 40-2A-9(g)(l). Because the supersedeas bond did not comply with the unambiguous requirements of the statute, the circuit court lacked subject-matter jurisdiction over the Garners’ appeal.”
Id. at 384. ADOL argues that, as in Gamer, the trial court in this case erred in denying the motion to dismiss because, it alleges, Charter filed the bond “signed only by the employer themselves [sic]” and therefore failed to comply with § 25-4-134(c)(3). However, this argument and ADOL’s reliance on Gamer are misplaced. First, Gamer was decided entirely on the basis of the Garners’ noncompliance with § 40-2A-9(g)(l), Ala. Code 1975, which governs the procedure for appeals from a decision of an administrative law judge which was as enacted in 1992 as part of the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, Ala.Code 1975, § 40-2A-1 et seq. See Act No. 92-186, Ala. Acts 1992, § 8. Gamer deals with a personal-income-tax assessment arising from an inheritance. This matter does not arise under the procedures provided by § 40-2A-9(g)(l). ADOL concedes that it cites Gamer only for the proposition that a surety must be a third party. However, unlike § 40-2A-9(g)(l)b.2., which requires “a supersedeas bond, which shall be executed by a surety company licensed to do business in Alabama, for 125 percent of the amount stated as due in the final order of the administrative law judge,” § 25-4-134(c)(3)b. requires only “a super-sedeas bond with sufficient sureties to be approved by the register or clerk of the court to which the appeal shall be taken.” Section 25-4-134(c)(3)b. makes no additional requirement that the surety be issued by a third party or a licensed company and the amount of the surety contemplated by § 40-2A-9(g)(l)b.2. (125% of the assessment) is significantly smaller than the amount contemplated by § 25-4-134(c)(3)b. (“double the amount of contributions, interest, and penalties”).
*1062 Further, even if we were convinced by ADOL’s argument that a supersedeas bond cannot be issued pursuant to § 25-4-134(c)(3)b. except by a third party or a licensed, corporate surety, ADOL has not shown that the signer of the bond, 3175 Children’s Trust, is the same entity as Charter, nor has it argued that 3175 Children’s Trust is not licensed to issue bonds. The bond in question states that “3175 Children’s Trust is the principal owner of Charter HR, Inc.”; however, it does not state that 3175 Children’s Trust is the only owner of, or the same entity as, Charter. Further, ADOL does not argue that the supersedeas bond issued by 3175 Children’s Trust did not provide “sufficient sureties,” only that it was not valid because it was not issued by a third party surety. The plain language of § 25-4-134(c)(3)b. contains no such requirement.
The writ of mandamus is an extraordinary and drastic writ, and, to be entitled to the writ, a petitioner must demonstrate it has a clear legal right to the relief sought. ADOL has failed to meet that requirement. For all that appears in the materials properly before this court, Charter presented a “a supersedeas bond with sufficient sureties” that was “approved by the ... clerk of the court to which the appeal shall be taken.” § 25-4-134(e)(3)b. Because ADOL failed to demonstrate a clear legal right to the relief it seeks, we deny the petition.
• PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.